*Chippendales USA, LLC v. Jesse Banerjee*
Case No. CV 23-3672 PA (PDx)


**Exhibit 1**
**to**
**Plaintiff Chippendales USA, LLC's Response to Order to Show Cause Why**
**This Case Should Not Be Dismissed for Lack of Prosecution [Docket 20]**

Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 5

# EXHIBIT A

Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 6

| From: | Nadel, Evan |
|---|---|
| To: | Dilair Nafoosi; info@stevebanerjee.com |
| Cc: | Weeks, Rita |
| Subject: | RE: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD) |
| Date: | Thursday, June 15, 2023 5:21:10 AM |
| Attachments: | Docket 13 - Scheduling Order.pdf |
| | Self-Rep order - Judge Anderson.pdf |
| | Standing Order-Judge Anderson.pdf |

Thank you for the update Mr. Nafoosi.

Mr. Banerjee, I do not believe waiting a week before "finalizing the representation" with your new lawyer and doing nothing in the meantime in this case is appropriate. As mentioned in my prior emails (see below), the court has set a number of deadlines and the parties are obligated to comply. You are representing yourself until a lawyer enters an appearance on your behalf, so (in my view) you are responsible for making sure you follow the court's rules and deadlines. Two important deadlines concern meeting to discuss the case scheduling and management issues and then filing a joint report about that meeting, the latter of which is due to be filed tomorrow. If you don't speak with us or participate, Chippendales will file its own report to the court explaining why a joint report could not be submitted.

If you want to seek a continuance or any extension of time, as Mr. Nafoosi has indicated, it is your obligation to take action to make that request promptly to the court.

Finally, because Mr. Nafoosi has only now informed me that the two email addresses I have used for you in the past are "not in use," I am sending you three important court orders in case Mr. Nafoosi has not already shared those with you: Judge Anderson's Standing Order, Self-Representation Order and Scheduling Order.

Sincerely,


**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

New York
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
San Francisco
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard


**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Wednesday, June 14, 2023 1:26 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

**CAUTION: External Email**

Hello Mr. Nadel,

Understood.  Kindly use info@stevebanerjee.com to reach Mr. Banerjee by email going forward.
The emails you are currently using are not in use.

Mr. Banerjee or I will update you with the attorney information as soon as Mr. Banerjee finalizes the
representation, which we anticipate doing in seven days.  Thank you.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**   626-628-1970
**C:**   818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the
material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised
that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly
prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S.
federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or
written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting,
marketing or recommending to another party any matters addressed herein.

On Tue, Jun 13, 2023 at 2:08 PM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

> Mr. Nafoosi and Mr. Banerjee,
>
> I appreciate the update.  Can you please provide me the name and contact information for Mr.
> Banerjee's attorney so that I can reach out to that person about these matters going forward?
>
> I do not have the authority to extend court-imposed deadlines.  If Mr. Banerjee and his new
> counsel want to request an extension of time for the court's scheduling conference and the
> deadlines keyed off of it, they will need to file an appropriate request with the court very soon.  I
> will discuss with my team and my client whether Chippendales will agree not to oppose that
> request but that is probably an issue to be discussed with Mr. Banerjee's counsel in this action.  To
> be clear, and so there is no misunderstanding, Chippendales will not be filing anything with the
> court requesting a continuance of the scheduling conference or extension of the related

deadlines.  If petitioner wishes to change the current date or deadlines, he and his counsel need to take action to make such a request to the court.

Sincerely,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

New York
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
San Francisco
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Tuesday, June 13, 2023 3:50 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Mr. Nadel,

Mr. Banerjee has found an attorney, but that attorney will be unavailable today and tomorrow and Mr. Banerjee is requesting an additional three weeks of time for the meet and confer process.  Mr. Banerjee would be willing to sign a stipulation to extend the associated deadlines. Kindly advise.  Thank you.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**  626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 9**

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

On Tue, Jun 13, 2023 at 7:02 AM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

Dilair,

Another week has passed and I still have not heard anything about Jesse obtaining counsel for this case.  A number of case deadlines are approaching, including the deadline to hold a Rule 26(f) conference and file a joint scheduling conference report, which is due by Friday.  I need to meet with Jesse and his counsel today or tomorrow to discuss the issues required by the rule and to prepare, exchange and file the report.  If Jesse does not have counsel for this case as of now, then I need to schedule the conference directly with him since he is officially pro se in this case unless and until he does something to change that.  Accordingly, I will email him to set up that conference unless I hear from you soon that he now has counsel.

Best,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Wednesday, June 7, 2023 1:11 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Hello Mr. Nadel,

Attached, please find the stipulation requested with Mr. Banerjee's signature.  Please confirm receipt and send me a fully executed copy as well as the conformed copy once available.  Thank you.

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 10**

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**  626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

On Wed, Jun 7, 2023 at 9:29 AM Dilair Nafoosi <dilair@lionheartlegal.com> wrote:

> Hello Mr. Nadel,
>
> Thank you for your emails.  I'll work on getting this signed by Mr. Banerjee today.
>
> **Kind Regards,**
>
> **Dilair S. Nafoosi**
> **Lionheart Legal**
> 150 S. Los Robles Ave, Suite 930
> Pasadena, CA 91101
> **O:**  626-360-1288
> **F:**  626-628-1970
> **C:**  818-209-5213
> dilair@lionheartlegal.com
> **lionheartlegal.com**
>
> The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.
>
> Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.
>
> On Wed, Jun 7, 2023 at 9:09 AM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 11**

EXHIBIT A - PAGE 014

Mr. Nafoosi and Mr. Banerjee,

I called Mr. Nafoosi this morning and am writing to follow up on the attached draft stipulation to memorialize the extension of time you already agreed to provide Chippendales to respond to Mr. Banerjee's 850 Petition in this court.

As you may recall, shortly after our removal of this case to the district court, we asked to have a meet and confer discussion with Mr. Banerjee concerning our planned motion to dismiss the petition.  Mr. Nafoosi informed us that (1) he is not Mr. Banerjee's counsel in this federal court action, (2) Mr. Banerjee is looking for counsel to represent him in this action, and (3) Mr. Banerjee did not wish to meet and confer with us himself but wished to wait until he had retained counsel, who could then do so.   Mr. Nafoosi stated in an email dated May 23 that "We are hoping to find representation in the next week or two for Mr. Banerjee in the federal matters.  I will keep you updated as soon as representation is found, and I hope to get back to you early next week."

To date, we have heard nothing further about Mr. Banerjee's efforts to retain counsel in this matter.  Meanwhile, prior to the extension, our deadline to respond to the 850 Petition was to be tomorrow.  So we need the attached stipulation signed and returned to us TODAY.  Please confirm by email that this is in process.  If we do not hear from you and/or receive the signed stipulation TODAY, then we must demand an immediate meet and confer concerning the defects in the 850 Petition and, if that is refused or you do not propose a meet and confer time, we will have no choice but to file a motion to dismiss the petition with an explanation that Mr. Banerjee, in violation of the local rules of court, refused to participate in a meet and confer prior to our filing the motion (and we reserve the right to attach relevant emails supporting this point).

Sincerely,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

**From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Sent:** Tuesday, June 6, 2023 4:07 PM
**To:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** RE: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Mr. Nafoosi,

Thanks for your email and sorry for my delay in responding.  We appreciate the extension of time.  Under the court's rules, we are required to file a stipulation reflecting the extension (although it does not require court approval since it is not for more than 30 days).  We prepared the attached for signature by Mr. Banerjee, since our understanding is that he still is representing himself in this federal court matter.  Please ask Mr. Banerjee to sign and return this to us via email by **TOMORROW**.  If or when he obtains counsel in this case, please inform us right away since, as you know and as reflected in this stipulation, we have been waiting on that to conduct the court-required meet and confer on our planned motion to dismiss.

With respect to service of process of the 850 Petition, per our agreement, I accepted service by email from you on Friday, May 19, 2023.  You can consider the Petition (and other papers attached to your email of that date) served on my client.  And you should feel free to file whatever proof of service you wish reflecting that fact.  I cannot, however, sign an acknowledgment of service form in the state court probate action because my firm and I have not appeared in that action and because the action has been removed to federal court, depriving the state court of any jurisdiction over that matter.  Accordingly there should be no further proceedings in the LA Superior Court with respect to the petition, including any court filings by parties.  In other words, you should not need a signed acknowledgment form and, moreover, it would be improper to sign or file any such form in the state court.  You have my written confirmation that service of process was effected by email on May 19.

Best,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Friday, May 26, 2023 4:53 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 13**

Hello Mr. Nadel,

Mr. Banerjee is willing to stipulate to a 30 day extension of time for Chippendales USA to respond to his 850 petition purportedly removed to the federal court to allow additional time to meet and confer prior to filing of a motion to dismiss.

Also, I've not received the signed acknowledgement showing receipt of the 850 petition (I'm attaching it to this email for ease of reference).  Please let me know the status of that. Thank you.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**   626-628-1970
**C:**   818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

On Fri, May 26, 2023 at 11:37 AM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

> Thank you.  Can you please confirm agreement to the two-week extension of time for our response to the Petition in CD Cal? If Mr. Banerjee now thinks it will take longer than two weeks for him to get counsel in this case, then please let me know and we should adjust the extension accordingly.  Otherwise, we need to meet and confer with Mr. Banerjee right away on our response.
>
>
> **Evan Nadel**
> **Kilpatrick Townsend & Stockton LLP**
>
> **New York**
> The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703

office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Thursday, May 25, 2023 2:12 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Hello Mr. Nadel,

Thank you for your email.  I was in court all day yesterday and just had an opportunity to review your email.  I think that's perfectly reasonable and will forward your request to Mr. Banerjee and get back to you ASAP.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**  626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

On Tue, May 23, 2023 at 5:23 PM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

> Dilair,

Having us wait one or two weeks before we can meet and confer about our planned response to the Petition would put us in a difficult spot given our current response deadline and the court's rules.  So we would need a 14-day extension of time to respond if you and Mr. Banerjee will not discuss our planned motion to dismiss (i.e. you are asking Chippendales to wait until new counsel is retained).  We also propose that both parties consent to the assigned magistrate judge hearing the dispute for all purposes.  Please let us know Mr. Banerjee's response or confirm that we may contact him directly to discuss.

Best,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

New York
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Monday, May 22, 2023 1:32 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Hello Mr. Nadel,

Given the recent notice of the 850 petition removal to federal court, Mr. Banerjee is requesting time to seek counsel in the federal matters in order to meet and confer with you all regarding the proposed notice of motion to dismiss.  We are hoping to find representation in the next week or two for Mr. Banerjee in the federal matters.  I will keep you updated as soon as representation is found, and I hope to get back to you early next week.

Also, attached, please find the conformed copy of the associated substitution of attorney filed in the Probate Matter, for your records.  At the time the attached substitution of attorney was filed, Chippendales USA LLC had not yet appeared in the matter, so your client was not served at that time.

Should you have any further questions or concerns, feel free to contact me.  Thank you,

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**   626-628-1970
**C:**   818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

On Sat, May 20, 2023 at 5:47 AM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

> I got an error message in response to my prior email because the attachment was too large.  So I'm breaking it up.
> Here is the notice of removal without its exhibit.
>
> **Evan Nadel**
> **Kilpatrick Townsend & Stockton LLP**
>
> **New York**
> The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
> office 212 775 8862 | fax 212 320 0391
> **San Francisco**
> Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
> office 415 273 4804
> enadel@kilpatricktownsend.com | My Profile | vCard
>
> _____
>
> **From:** Nadel, Evan <ENadel@kilpatricktownsend.com>
> **Sent:** Saturday, May 20, 2023 8:41 AM
> **To:** Dilair Nafoosi <dilair@lionheartlegal.com>
> **Cc:** Weeks, Rita <RWeeks@kilpatricktownsend.com>
> **Subject:** RE: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-

03676-PA-PD)

Mr. Nafoosi,

Attached is a conformed copy of the Notice of Removal (with exhibit) filed with the Central District of California on May 12, which removed the section 850 probate petition matter to federal court.  I've now provided all documents to you that I promised to send.  Please let me know if there is anything you think you are missing.

Apart from what I have provided to you by email, the shared drive contains only documents in the two federal actions.  Because you have stated that you are not counsel for Mr. Banerjee in either of the federal actions, there is no need to arrange access for you to that drive.

As you request, we will consider Mr. Banerjee to be pro se (self-represented) in both pending federal actions unless we hear otherwise from him or another lawyer.  Consequently, we will reach out directly to Mr. Banerjee to schedule a meet and confer concerning Chippendales' planned motion to dismiss his 850 Petition in the federal court (C.D. Cal. Case No. 2:23-cv-03676-PA-PD).  Please advise immediately if you have any objection to this.  Since the court requires us to have this discussion with him before we file and since you have clearly stated that you are not representing Mr. Banerjee in any action in the federal court (making him pro se in both actions), we must conduct the discussion with him.

Sincerely,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

**New York**
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi dilair@lionheartlegal.com
**Sent:** Friday, May 19, 2023 4:16 PM
**To:** Nadel, Evan ENadel@kilpatricktownsend.com
**Cc:** Weeks, Rita RWeeks@kilpatricktownsend.com
**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 18**

Mr. Nadel,

Thank you for your email.  I sent you the Probate Matter documents earlier this afternoon; hopefully you received them, but if you are having trouble accessing those, please let me know.

In regards to your additional comments regarding the scope of my representation of Mr. Banerjee, again, I'm not authorized to make any decisions in either federal matter on behalf of Mr. Banerjee.  Notwithstanding the purported removal, you should continue operating under **the fact** that Mr. Banerjee is currently self-represented.  As I've stated repeatedly, the scope of my representation of Mr. Banerjee is limited to the Probate Matter.  I don't even have a license or authorization to practice law in federal courts, so it would be impossible and illegal for me to represent Mr. Banerjee in those proceedings.  Anything captioned or filed in the Probate Matter, I can accept service on, like the notice of filing of notice of removal your client served me yesterday.  Anything captioned or filed in either federal matter, I cannot.  It's quite simple and conforms with the licensure requirements.

Should you have any further questions or concerns, please feel free to contact me.  Thank you.


**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**   626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 19**

On Fri, May 19, 2023 at 12:19 PM Nadel, Evan <ENadel@kilpatricktownsend.com> wrote:

> Dilair,
>
> Thanks for your email.
>
> We agree to accept service by email of Mr. Banerjee's 850 Petition and any associated papers.  Feel free to send that any time.
>
> With respect to our mutual agreement on service by email, I can understand and observe your limitation on which of the two actions that applies to.  In other words, since you stated you are not counsel for Mr. Banerjee in the action filed against him by Chippendales in C.D.Cal. for trademark infringement and other claims (C.D. Cal. Case No. 2:23-cv-03672-PA-PD), we don't have a service agreement for that case.  But for the other case--the 850 Petition filed by Mr. Banerjee against Chippendales--you are either Mr. Banerjee's counsel in that matter or you're not.  As we discussed yesterday, Chippendales removed that case to the Central District of California.  As promised, I followed up by sending you our removal papers, including a conformed copy of the notice to LASC of the removal, which formally divests LASC of jurisdiction.  So when your email says "I can only accept service of documents in the Probate Matter as I do not represent Mr. Banerjee in either federal matter at this time," I cannot accept the implied premise that the "Probate Matter" is not one of the two federal matters.  It is.  That the 850 Petition is now pending in federal court as C.D. Cal. Case No. 2:23-cv-03676-PA-PD cannot rationally be denied.  And once you file a notice of appearance for Mr. Banerjee in that case, you should then automatically receive via the ECF all filings by any party and all court orders and notices.  So it is somewhat academic to debate an email service agreement for that case when ECF will serve all counsel by email.
>
> Best,
>
> **Evan Nadel**
> **Kilpatrick Townsend & Stockton LLP**
>
> **New York**
> The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
> office 212 775 8862 | fax 212 320 0391
> **San Francisco**
> Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
> office 415 273 4804
> enadel@kilpatricktownsend.com | My Profile | vCard
>
> ---
>
> **From:** Dilair Nafoosi <dilair@lionheartlegal.com>
> **Sent:** Friday, May 19, 2023 2:40 PM
> **To:** Nadel, Evan <ENadel@kilpatricktownsend.com>

Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 20

**Subject:** Re: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Hello Mr. Nadel,

Thank you for your emails, the notice of filing of notice of removal filed in the Probate Matter, and the associated federal orders.

I have the 850 petition and associated notice of hearing ready to send to you now, but want to make sure you're still agreeable to accepting service of such documents by email on behalf of Chippendales USA LLC today (as I was not able to get the papers ready to send to you yesterday).  Of course, the stipulation and agreement to accept electronic service would be mutual; however, I'd like to be clear that I can only accept service of documents in the Probate Matter as I do not represent Mr. Banerjee in either federal matter at this time.  Let me know if that's okay and once I hear back, I'll send the documents forthwith.

Also, I reviewed my inbox and spam folder and do not believe I received the link to the shared drive.  If your office can resend that, I'd appreciate it.  Should you have any further questions or concerns, please feel free to contact me.  Thank you.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**  626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 21

On Thu, May 18, 2023 at 12:01 PM Nadel, Evan
<ENadel@kilpatricktownsend.com> wrote:

Mr. Nafoosi,

Thank you for your email and your call.  I will give you a call back shortly but
first wanted to clarify a few things.

**First**, there are two federal actions currently.  One is the *Chippendales USA,
LLC v. Banerjee* action, C.D. Cal. Case No. 2:23-cv-03672-PA-PD, which alleges
trademark infringement, among other claims.  The other federal action is
*Banerjee v. Chippendales USA, LLC* (C.D. Cal. Case No. 2:23-cv-03676-PA-PD),
which began as a petition filed by Mr. Banerjee in the Los Angeles Superior
Court probate matter but was removed to federal court last Friday.

**Second**, no court order effectuating the removal is necessary.  I would be
happy to send you the notice of removal and other related filings, and I'm
generally amenable to a mutual agreement to serve each other by email.
Upon our filing of notification of the removal with L.A. Superior Court, the
removal was effectuated and "the State court shall proceed no further."  28
U.S.C. sec. 1446(d).  Thus, LASC now lacks jurisdiction over the section 850
Petition filed by Mr. Banerjee against Chippendales.

**Third**, thank you for acknowledging that the attempted service of process by
Mr. Banerjee of that Petition was defective.  My proposal was that I would
agree to accept service of process on behalf of Chippendales today (with your
email to me of any and all papers related to the Petition), which would then
trigger the time for Chippendales to respond to the Petition.  As noted in my
earlier email, given the removal, the Petition is now governed by the Federal
Rules of Civil Procedure and under Rule 81 we would have 21 days after
service to respond.  Please confirm your agreement with this by email (with all
relevant papers attached).

**Fourth**, I would be happy to use that time to discuss with you the defects we
see in the Petition and explore whether you wish to file an amended pleading
to obviate our potential motion to dismiss.

Best,

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

New York
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**

Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 22

EXHIBIT A - PAGE 025

Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

---

**From:** Dilair Nafoosi <dilair@lionheartlegal.com>
**Sent:** Thursday, May 18, 2023 2:41 PM
**To:** Nadel, Evan <ENadel@kilpatricktownsend.com>
**Subject:** Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)

Dear Mr. Nadel,

I have been retained by Jesse Banerjee as counsel in the Estate of Somen Banerjee matter, LASC Case No. 17STPB02593 (the "Probate Matter"). I have not been retained by Mr. Banerjee in the federal matter referenced in your email below (the "federal matter"). I've reviewed your email below and am responding today per your request. I also left you a voice message earlier today regarding the subject matter herein at the 212 area code number in your email signature.

I substituted into the Probate matter yesterday. Since neither your client nor your firm has made an appearance in the Probate matter, neither your firm nor your client were notified.

I'm not aware of any court ruling stating the petition that is the subject of your email "has been removed to federal court". No associated notices appear to have been filed in the Probate matter confirming this contention per the case summary in the Probate matter which I just checked. If you could kindly provide any associated removal orders, I'd appreciate that.

I agree your client has not been properly served the subject petition. However, please keep in mind there is still more time to provide notice of the initial hearing relating to that petition, which has not yet taken place. I am happy to agree, on behalf of our respective clients, to mutually accept service electronically by email going forward in the Probate Matter only. If that is acceptable, please confirm by reply to this email.

As to your proposed motion to dismiss, I've not had adequate time to review the subject petition to determine whether a claim has been adequately alleged as I just substituted into the Probate matter yesterday. I will need some time to do so in order to determine whether or not I agree an amended petition should be prepared and meaningfully meet and confer with you.

What times and dates are you available to meet and confer?  I will not be available until next week as I'll need some time to review the subject petition.

Should you have any further questions or concerns, please feel free to contact me.  Kindly confirm receipt of this email at your earliest opportunity.  Thank you.

**Kind Regards,**

**Dilair S. Nafoosi**
**Lionheart Legal**
150 S. Los Robles Ave, Suite 930
Pasadena, CA 91101
**O:**  626-360-1288
**F:**  626-628-1970
**C:**  818-209-5213
dilair@lionheartlegal.com
**lionheartlegal.com**

The materials in this e-mail transmission (including all attachments) are private and confidential and the information contained in the material is privileged and is intended only for the use of the individual(s) named above. If you are not the intended recipient, be advised that any unauthorized disclosure, copying, distribution or the taking of any action in reliance on the contents of this material is strictly prohibited. If you have received this e-mail in error, please destroy it immediately.

Tax Advice Disclosure: To ensure compliance with requirements imposed by the IRS under Circular 230, we inform you that any U.S. federal tax advice contained in this communication (including any attachments), unless otherwise specifically stated, was not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any matters addressed herein.

---------- Forwarded message ---------
From: **Nadel, Evan** <ENadel@kilpatricktownsend.com>
Date: Thu, May 18, 2023 at 9:56 AM
Subject: Jesse Banerjee v. Chippendales USA, LLC (C.D. Cal. Case No. 2:23-cv-03676-PA-PD)
To: investigation@stevebanerjee.com <investigation@stevebanerjee.com>, jxsse101@gmail.com <jxsse101@gmail.com>

Dear Mr. Banerjee,

We are litigation counsel to Chippendales USA, LLC ("Chippendales").  As you hopefully know by now, the petition you filed in Los Angeles Superior Court (Case No. 17STPB02593) on or about April 3, 2023 against Chippendales – titled "Petition For: An Order Confirming USPTODecision [sic] on Chippendales Trademark and All Series Partaining [sic] to Chippendales as Forming Part of the Estate of Somen Banerjee"  (hereafter "Petition") – has been removed to federal court, specifically the U.S. District Court for the Central District of California.

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 24**

EXHIBIT A - PAGE 027

We are writing concerning Chippendales' response to the Petition.  Under Federal Rule of Civil Procedure 81(c), Chippendales' deadline to file a response to the Petition after removal is the longest of three time periods, one of which is "21 days after being served with summons for an initial pleading."  To date, Chippendales has not properly been served with process for the Petition.  Under California Code of Civil Procedure section 415.40, service of process on an out-of-state entity like Chippendales cannot be accomplished simply by sending papers via regular mail without requiring a return receipt.  In addition, California Probate Code § 851 requires a notice of hearing to be served with a copy of the petition, which was not done.

Pursuant to Federal Rules of Civil Procedure 12(b)(5), Chippendales can move to dismiss the Petition for insufficient service of process.  In addition, pursuant to Federal Rules of Civil Procedure 9 and 12, Chippendales can file a motion to dismiss and for a more definite statement for other reasons.  In particular, Chippendales contends that the Petition is deficient because it does not identify any cause of action against Chippendales.  We do not know what your legal claim or claims are against Chippendales.  Any pleading must provide at least that much information, and because the Petition also alleges fraudulent conduct, it is subject to heightened standards of specificity; those allegations must be "state[d] with particularity."  Fed. R. Civ. P. 9(b).

The court's rules and Judge Anderson's standing order require us to meet and confer with you before filing a motion.  Because court rules allow a party to amend his pleading in many cases, you may wish to consider whether you wish to file an amended pleading rather than oppose our motion.  We cannot and will not give you legal advice, but we are simply explaining the court's requirement that we discuss our motion with you before we file it.  If you ignore this request, we will submit this email to the court and explain that we did not receive any response.

To help narrow the issues in dispute, we are willing to accept service of process today on behalf of Chippendales, which would avoid the cost and delay of your having to hire a process server and effectuate proper service of process.   Please let us know by 5 pm PT **TODAY** if you wish to accept this offer.  And also let us know when you would like to discuss the rest of the issues raised above.

Sincerely,

**Exhibit 1 to Plaintiff's Response to Order to Show Cause, page 25**

**Evan Nadel**
**Kilpatrick Townsend & Stockton LLP**

New York
The Grace Building | 1114 Avenue of the Americas | New York, NY 10036-7703
office 212 775 8862 | fax 212 320 0391
**San Francisco**
Two Embarcadero Center | Suite 1900 | San Francisco, CA 94111
office 415 273 4804
enadel@kilpatricktownsend.com | My Profile | vCard

_____

Confidentiality Notice:
This communication constitutes an electronic communication within the meaning of the Electronic
Communications Privacy Act, 18 U.S.C. Section 2510, and its disclosure is strictly limited to the
recipient intended by the sender of this message. This transmission, and any attachments, may contain
confidential attorney-client privileged information and attorney work product. If you are not the intended
recipient, any disclosure, copying, distribution or use of any of the information contained in or attached
to this transmission is STRICTLY PROHIBITED. Please contact us immediately by return e-mail or at
404 815 6500, and destroy the original transmission and its attachments without reading or saving in
any manner.

_____

***DISCLAIMER*** Per Treasury Department Circular 230: Any U.S. federal tax advice contained in this
communication (including any attachments) is not intended or written to be used, and cannot be used,
for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.