UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 23-3672 PA (PDx) | Date | August 19, 2023 |
| Title | Chippendales USA LLC v. Jesus Jesse Banerjee, et al. | | |

| | |
|---|---|
| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |

| Kamilla Sail-Salesman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion for Default Judgment (Docket No. 29) filed by plaintiff Chippendales USA LLC ("Plaintiff"). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for August 21, 2023, is vacated, and the matter taken off calendar.

Plaintiff filed the Complaint on May 12, 2023, alleging defendant Jesus Jesse Banerjee ("Defendant") infringed Plaintiff's Chippendales trademarks. Plaintiff is the current owner of the Chippendales business and brand, which is "one of the world's most recognized brand names providing entertainment for women, producing Broadway-style, burlesque shows worldwide for the ultimate 'girls' night out.'" (Compl. ¶¶ 12, 17.) Somen Banerjee founded the Chippendales business in 1979 and placed all rights in Easebe Enterprises Inc.'s ("Easebe") interest. In or around August 1994, Somen Banerjee transferred his interest in Easebe to Irene Banerjee, his wife, as part of their divorce. Then, in November 1994, Irene Banerjee sold Easebe's interest in the Chippendales business to CLP Tour, Ltd. In 2000, Plaintiff bought the Chippendales business from CLP Tour, Ltd. Through that transaction and subsequent use in commerce, Plaintiff now has a collection of Chippendales trademarks registered with the United States Patent and Trademark Office ("USPTO"). Those trademarks form the basis of this suit, as Plaintiff alleges that Defendant has interfered with Plaintiff's trademark rights.

According to Plaintiff, Defendant publicly asserts that he is a rightful heir of Somen Banerjee, that Irene Banerjee fraudulently transferred the Chippendales business in 1994, and that he is the true owner of the Chippendales trademarks and business. In 2016, Defendant filed a petition with the United States Patent and Trademark Office alleging that the Chippendales trademarks were fraudulently transferred. In December 2021, Defendant published a book recounting his claims to an inheritance and his interest in the Chippendales business, followed by a second book with similar claims published in June 2022. In 2022 and 2023, Defendant filed several more documents with the USPTO in an attempt to list himself as the owner of various Chippendales trademarks.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | August 19, 2023 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Jesus Jesse Banerjee, et al. | | |

  Defendant has also sought to establish his ownership of the Chippendales business and trademarks through the courts. In March 2017, Defendant filed a petition for probate with the Los Angeles County Superior Court, initiating In re: Banerjee, Somen, Case No. 17STPB02593 (the "Probate Case"). On April 3, 2023, Defendant filed a California Probate Code Section 850 Petition (the "850 Petition") against Plaintiff in the Probate Case, seeking a court order that Irene Banerjee's transfer of the Chippendales business to CLP Tour Ltd. in 1994 was fraudulent and that the estate of Somen Banerjee owned the Chippendales trademarks. On May 12, 2023, Plaintiff removed the 850 Petition to this Court, titled Jesse Banerjee v. Chippendales USA LLC, Case No. CV 23-3676 PA (BFMx). On August 10, 2023, this Court granted Plaintiff's Motion to Dismiss the 850 Petition without leave to amend, noting that Defendant failed to plead sufficient facts to plausibly state a cause of action and that Defendant's claim was time-barred. The Probate Case remains ongoing.

  Throughout these events, Defendant has offered infringing Chippendales merchandise and services, launched an infringing website at chippendalestruecrime.com, projected himself as the Chippendales Heir, that he was connected with Chippendales business, and filed articles of organization with the California Secretary of State to establish a limited liability company named "Chippendales LLC."

  Based on the above conduct, Plaintiff's Complaint asserts seven causes of action: (1) Declaratory Judgment as to Plaintiff's Ownership Rights; (2) Federal Trademark Infringement, 15 U.S.C. § 1114; (3) Trademark Counterfeiting, 15 U.S.C. § 1114; (4) Federal Unfair Competition, 15 U.S.C. § 1125(a); (5) Federal Trademark Dilution, 15 U.S.C. § 1125(c); (6) California Trademark Dilution, California Business & Professions Code § 14330; and (7) California Unfair Business Practices, California Business & Professions Code § 17200 et seq. On May 21, 2023, Plaintiff completed service on Defendant. (Docket No. 17.) On June 20, 2023, the Clerk entered Defendant's default. (Docket No. 22.) On July 19, 2023, Plaintiff filed its Motion for Default Judgment seeking a declaratory judgment that Plaintiff is the sole and exclusive owner of the Chippendales trademarks, a permanent injunction against Defendant's infringement and counterfeiting, and an award of statutory damages and attorneys' fees and costs. On August 8, 2023, Defendant filed an Opposition.[1] (Docket No. 30.)

---

[1]   As a preliminary matter, Defendant has not attempted to set aside his default, which was entered nearly two months ago. Defendant's Opposition does not seek relief from default, fails to set forth any defense to this action or discuss his failure to file an answer, and fails to articulate any legal or factual basis in opposition to the Motion. Instead, Defendant conclusorily asserts that he has already been awarded the "Real Estate Property owned by his Father's Chippendales Estate," repeats his claims of fraudulent transfers, and references filings in the Probate Case and the 850 Petition. (See Opp'n at 1-2.) Therefore, even if the Court construed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | August 19, 2023 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Jesus Jesse Banerjee, et al. | | |

     Federal Rule of Civil Procedure 55(b)(2) grants the Court the power to enter a default judgment. The Court need not make detailed findings of fact in the event of a default judgment. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990). The general rule is that upon entry of a default, well-pleaded allegations in the complaint regarding liability are deemed true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Factors the Court should consider in evaluating a motion for entry of default judgment include: "(1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

     In light of the well-pleaded allegations in the Complaint and the failure of Defendant to answer, Plaintiff's interest in an efficient resolution of this case outweighs Defendant's interest in adjudication on the merits. See PepsiCo v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("Defendant's failure to answer Plaintiffs' Complaint makes a decision on the merits impractical, if not impossible. Under Fed. R. Civ. P 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."). The Court finds that these factors weigh in favor of granting Plaintiff's Motion. Accordingly, the Court now turns to Plaintiff's requested relief.

     Plaintiff first seeks injunctive relief. Under the Lanham Act, "the district court [has] the 'power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right' of the trademark owner." Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing 15 U.S.C. § 1116(a)).) Courts may also order the destruction of materials at Plaintiff's request. See 15 U.S.C. § 1118. To receive a permanent injunction, Plaintiff must demonstrate: (1) a likelihood of actual success on the merits, (2) a likelihood of irreparable injury if injunctive relief is not granted, (3) a balance of hardships favoring Plaintiff, and (4) that an injunction will advance the public interest. Winter v. Natural Res. Def. Counsel, 555 U.S. 7, 20 (2008).

     Plaintiff seeks a permanent injunction to enjoin Defendant, whether in his personal capacity, under any alleged role as administrator of Somen Banerjee's estate, on behalf of any business entity, or in any other capacity. Based on the record in this action, Plaintiff has

---

Defendant's Opposition brief as a request to set aside the default, Defendant has not established excusable neglect or a meritorious defense, and therefore fails to carry his burden to set aside the default. See United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | August 19, 2023 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Jesus Jesse Banerjee, et al. | | |

demonstrated a likelihood of success on the merits of its claims, and a likelihood of irreparable injury if injunctive relief is not granted. Therefore, the Court finds injunctive relief appropriate and necessary to prevent future violation of Plaintiff's rights.

Second, Plaintiff seeks declaratory relief. The Declaratory Judgment Act requires that a party seeking declaratory relief must allege (1) an actual controversy (2) regarding a matter within federal subject matter jurisdiction. 28 U.S.C. § 2201(a). Once these two requirements are met, a presumption exists that a court may hear a declaratory judgment action. Gov't Emps. Ins. Co. v. Dizol, 133 F.3d 1220, 1224 (9th Cir. 1998). Here, Plaintiff asserts a genuine controversy regarding a matter within the Court's subject matter jurisdiction, making declaratory relief appropriate. Based on the well-pleaded allegations in the Complaint, the Court finds Plaintiff is entitled to declaratory relief.

Third, Plaintiff seeks statutory damages. While allegations in the Complaint regarding liability are deemed admitted, allegations regarding damages are not. Geddes, 559 F.2d at 560. Rather, unliquidated damages must be supported by admissible evidence. Pope v. United States, 323 U.S. 1, 12, 65 S. Ct. 16, 22, 89 L. Ed. 3, 11 (1944) ("It is a familiar practice and an exercise of judicial power for a court upon default, by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly."); see also Penpower Tech. Ltd. v. S.P.C. Tech., 627 F. Supp. 2d 1083, 1093-94 (N.D. Cal. 2008) ("Although the Court must generally accept the factual allegations of the Complaint as true, allegations relating to the amount of damages must be supported by some evidence."). Pursuant to Local Rule 55-2, "[i]f the amount claimed in a judgment by default is unliquidated, the applicant may submit evidence of the amount of damages by declarations." Local Rule 55-2.

The Lanham Act allows a plaintiff to recover statutory damages ranging between $1,000.00 and $200,000.00 per counterfeit mark, or up to $2,000,000.00 where defendant's conduct is willful, and set at the discretion of the Court to further compensatory, deterrent, and punitive purposes. 15 U.S.C. § 1117(c); see Playboy Enters., Inc. v. Baccarat Clothing Co., Inc., 692 F.2d 1272, 1274-75 (9th Cir. 1982) (discussing deterrent purpose); Dream Games of Ariz., Inc. v. PC Onsite, 561 F.3d 983, 992 (9th Cir. 2009) (discussing compensatory and punitive purposes in similar situation for copyright infringement). "While a plaintiff in a trademark or copyright suit is entitled to damages that will serve as a deterrent, it is not entitled to a windfall" and courts consider "whether the amount of damages requested bears a 'plausible relationship to Plaintiff's actual damages.'" Yelp Inc. v. Catron, 70 F. Supp. 3d 1082, 1102 (N.D. Cal. 2014) (quoting Adobe Sys., Inc. v. Tilley, No. C 09-1085 PJH, 2010 WL 309249, at *5-6 (N. D. Cal. Jan. 19, 2010)). Here, Plaintiff asserts that Defendant willfully counterfeited at least two

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | August 19, 2023 |
|---|---|---|---|
| Title | Chippendales USA LLC v. Jesus Jesse Banerjee, et al. | | |

trademarks in connection with hats and t-shirts, and requests statutory damages of $25,000.00 per mark, for a total of $50,000.00. (Mot. at 20.)

"Where a plaintiff cannot reasonably estimate actual damages, and especially where it shows only a few sales related to the counterfeit mark, courts are disinclined to award the maximum statutory damages at the risk of a windfall." GS Holistic, LLC v. MSA-Bossy Inc., No. 22-CV-07638-JSC, 2023 WL 3604322, at *5 (N.D. Cal. May 22, 2023). Here, although Plaintiff alleges and has provided evidence that Defendant offers for sale goods bearing counterfeited marks, Plaintiff has not provided any evidence of actual sales. Further, though Defendant has infringed upon and diluted the trademarks, the Complaint's allegations fail to establish additional culpability on Defendant's part as Defendant appears to genuinely believe, erroneously, that he is the true owner and has sought to establish his ownership through legal channels. Lastly, Plaintiff fails to provide any estimate of actual damages that Defendant caused. Accordingly, the Court finds that an award of $10,000.00 is an appropriate award of statutory damages that will both compensate Plaintiff and deter further infringement without risking a windfall.

Lastly, Plaintiff seeks to recover its attorneys' fees pursuant to the schedule contained in Local Rule 55-3. The Lanham Act allows for the award of reasonable attorneys' fees in "exceptional cases." 15 U.S.C. § 1117(a). Whether a case is "exceptional" depends upon an examination of the totality of circumstances. SunEarth, Inc. v. Sun Earth Solar Power Co., 839 F.3d 1179, 1181 (9th Cir. 2016) (en banc) (per curiam). "Additionally, a case may be deemed 'exceptional,' and merit an award of attorneys' fees under the Lanham Act, when Defendant disregards the proceedings and does not appear." Philip Morris USA, Inc. v. Castworld Products, Inc., 219 F.R.D. 494, 502 (C.D. Cal. 2003). Considering all of the circumstances of this case, which include Plaintiff's well-pleaded allegations and the lack of a meritorious defense, the Court finds that an award of attorneys' fees is appropriate. The Court therefore awards $1,200.00 in attorneys' fees to Plaintiff pursuant to Local Rule 55-3 ($300 plus 10% of the amount over $1,000).

For all of the foregoing reasons, the Court grants Plaintiff's Motion for Default Judgment. The Court will issue a separate Judgment for injunctive and declaratory relief, and damages in the amount of $11,200.00 (consisting of $10,000 in statutory trademark damages and $1,200 in attorneys' fees) consistent with this Order.

IT IS SO ORDERED.