JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHIPPENDALES USA, LLC, | CV 23-3672 PA (PDx) |
| Plaintiff, | JUDGMENT AND PERMANENT INJUNCTION |
| v. | |
| JESUS "JESSE" BANERJEE dba EASEBE ENTERPRISES INC., | |
| Defendant. | |

Pursuant to the Court's August 17, 2023 Order granting the Motion for Default Judgment filed by plaintiff Chippendales USA, LLC ("Plaintiff"), IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

    1.    Judgment is entered in favor of Plaintiff and against defendant Jesus "Jesse" Banerjee dba Easebe Enterprises Inc. ("Defendant");

    2.    The March 30, 2000 sale of the CHIPPENDALES business, CHIPPENDALES Marks, and the associated goodwill from CLP Tour, Ltd. to Plaintiff is valid and binding;

    3.    Plaintiff is the rightful and exclusive owner of common law and registered rights in the CHIPPENDALES Marks, as acquired through the March 30, 2000 agreement;

4. Plaintiff is the rightful and exclusive owner of common law and registered rights in the CHIPPENDALES Marks, as acquired by its more than 20 years of exclusive and continuous use of the marks;

5. Defendant has no rights or legitimate interest in the CHIPPENDALES Marks, or any marks or domain names confusingly similar thereto;

6. Easebe Enterprises, Inc., incorporated in California by Somen Banerjee on August 29, 1975, has no rights or legitimate interest in the CHIPPENDALES Marks or any marks or domain names confusingly similar thereto;

7. Easebe Enterprises, Inc., incorporated in California by Defendant on January 1, 2017, has no rights or legitimate interest in the CHIPPENDALES Marks or any marks or domain names confusingly similar thereto;

8. Defendant's unauthorized use of the CHIPPENDALES Marks constitutes federal trademark infringement, federal trademark counterfeiting, federal unfair competition, federal trademark dilution, California trademark dilution, and unfair business practices under California Business & Professions Code § 17200 et seq.;

9. Plaintiff shall recover from Defendant the amount of $10,000.00 in statutory damages for Defendant's trademark infringement and counterfeiting;

10. Plaintiff shall recover from Defendant the amount of $1,200.00 in attorneys' fees;

11. Plaintiff is entitled to recover from Defendant post-judgment interest pursuant to 28 U.S.C. § 1961;

12. Defendant, whether acting in his personal capacity, acting under any alleged role as administrator of Mr. Somen Banerjee's estate, or acting on behalf of the entity named "Easebe Enterprises, Inc.," or acting in any other capacity, and his agents, employees, attorneys, successors, assigns, affiliates, and joint venturers, and any person(s) in active convert or participation with him, and/or any person(s) acting for, with, by, through or under him, are permanently enjoined from:

|   |   |   |
|---|---|---|
| 1 | a. | Using, in connection with the advertising, promotion, offering for sale, |
| 2 | | sale, distribution, and rendering of any good or service, any word, term, |
| 3 | | name, symbol, device, or combination that so resembles Plaintiff's |
| 4 | | CHIPPENDALES Marks as to be likely to cause confusion, mistake, or |
| 5 | | deception, including, without limitation, the marks, names, and phrases |
| 6 | | CHIPPENDALES; CHIPPENDALES & Bow Tie Design (see U.S. |
| 7 | | Reg. No. 5203733); CHIPPENDALES, LLC; CHIPPENDALES TRUE |
| 8 | | CRIME STORY; CHIPPENDALES HEIR; CHIPPENDALES |
| 9 | | ESTATE ADMINISTRATOR; CHIPPENDALES AUTHORITY; |
| 10 | | CHIPPENDALES CHIEF LEGAL STRATEGIST; and "Strategic |
| 11 | | Administrator of the world name trademark, CHIPPENDALES"; |
| 12 | b. | Using any word, term, name, symbol, device, or combination that (i) |
| 13 | | causes or is likely to cause confusion, mistake, or deception as to the |
| 14 | | affiliation or association of Defendant or its products or services with |
| 15 | | Plaintiff, or as to the origin of Defendant's products or services, (ii) |
| 16 | | contains any false designation of origin, false or misleading description |
| 17 | | or representation of fact, (iii) contains any false or misleading |
| 18 | | advertising, or (iv) causes likely dilution of any of the |
| 19 | | CHIPPENDALES Trademarks, including, without limitation, the |
| 20 | | marks, names, and phrases CHIPPENDALES; CHIPPENDALES & |
| 21 | | Bow Tie Design (see U.S. Reg. No. 5203733); CHIPPENDALES, |
| 22 | | LLC; CHIPPENDALES TRUE CRIME STORY; CHIPPENDALES |
| 23 | | HEIR; CHIPPENDALES ESTATE ADMINISTRATOR; |
| 24 | | CHIPPENDALES AUTHORITY; CHIPPENDALES CHIEF LEGAL |
| 25 | | STRATEGIST; and "Strategic Administrator of the world name |
| 26 | | trademark, CHIPPENDALES"; |
| 27 | c. | Filing any documents with the U.S. Patent and Trademark Office for or |
| 28 | | related to any of Plaintiff's registered trademarks (including, without |

1                      limitations, U.S. Trademark Reg. Nos. 1197438; 1330855; 2802430;
3127649; 3690717; 3981590; and 5203733), including, without
limitation, filing documents for any of the registrations attempting to
change their ownership or contact information, or otherwise attempting
to gain control of or access to Plaintiff's trademark registrations, and
filing documents with the USPTO Assignment Recordation Branch;

        d.      Further infringing Plaintiff's rights in and to its CHIPPENDALES Trademarks, or otherwise damaging Plaintiff's goodwill or business reputation;

        e.      Further diluting the famous CHIPPENDALES Trademarks; and

        f.      Otherwise competing unfairly with Plaintiff in any manner.

13.    This Court retains jurisdiction of this matter for purposes of compliance, construction, modification, and enforcement of the injunction; and

14.    The Court expressly determines that no just reason exists to delay the entrance of this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, directs entry of judgment against Defendant as specified herein.

       IT IS SO ORDERED.

DATED: August 19, 2023

                                                          Percy Anderson
                                          UNITED STATES DISTRICT JUDGE