# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Chippendales USA LLC,<br><br>                              PLAINTIFF(S)<br>v.<br><br>Jesus Jesse Banerjee, doing business as Easebe Enterprises Inc.,<br><br>                              DEFENDANT(S) | CASE NUMBER<br><br>2:23-cv-03672-PA-PD<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.   ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:


**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.
  ☒ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:


If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement

| | |
|---|---|
| October 12, 2023 | *[signature]* |
| Date | United States District Judge |

Plaintiff filed a Complaint on May 12, 2023, alleging that Defendant infringed Plaintiff's trademarks. (Dkt. No. 1.) On June 20, 2023, the Court Clerk entered Defendant's default pursuant to Federal Rule of Civil Procedure 55(a). (Dkt. No. 22.) On August 19, 2023, the Court entered an Order and Judgment granting Plaintiff's Motion for default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (Dkt. Nos. 34-35.)

On September 25, 2023, Defendant filed a Notice of Appeal with the United States Court of Appeals for the Ninth Circuit. (Dkt. No. 38.) On the same date, Defendant filed with this Court a Motion and Affidavit for Leave to Appeal In Forma Pauperis. (Dkt. No. 39.)

The Court has reviewed Defendant's Motion and pleadings to determine whether the appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). As relevant here, "[a]n appeal is frivolous when the result is obvious, or the arguments advanced are wholly without merit." In re Hammer, 940 F.2d 524, 526 (9th Cir. 1991).

Defendant's appeal is wholly without merit because he is appealing a default judgment that did not substantively challenge. As the Court stated in its Order on August 19, 2023, Defendant did "not seek relief from default, fail[ed] to set forth any defense to this action or discuss his failure to file an answer, and fail[ed] to articulate any legal or factual basis in opposition to [Plaintiff's] Motion." (Dkt. No. 34 at 2 n.1.) Appeals initiated under similar circumstances have been held to be frivolous. See Adriana Intern. Corp. v. Thoeren, 913 F.2d 1406, 1417 (9th Cir. 1990) (holding that an appeal of a default judgment was frivolous where it was entered for failure to proceed with discovery and obey court orders); Shearson Loeb Rhodes, Inc. v. Quinard, 751 F.2d 1102, 1103 (9th Cir. 1985) (holding that an appeal of a default judgment was frivolous); see also Hammer, 940 F.2d at 526-27 (holding that an appeal of a denial to set aside a default judgment was frivolous where the default was entered due to the appellant's culpable conduct in failing to answer the complaint).

Based on the foregoing authorities, the Court finds that the instant appeal is frivolous. Accordingly, Defendant's Motion to Appeal In Forma Pauperis is denied. (Dkt. No. 39.)