FILED

2024 MAY 16 PM 4:31

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

1   Jesse Banerjee
2   1937 22ndStreet #4
3   Santa Monica, CA 90404
4   3109238788
    Email:infor@stevebanerjee.com
5   Pro se,

6           **UNITED STATES DISTRICT COURT**
7          **CENTRAL DISTRICT OF CARLIFORNIA**

8   **CHIPPENDALES USA LLC,**          **Case No.: CV 23-3672** ~~PD~~ *PA*

9           **Plaintiff,**                        *Request*

10  **vs.**                              **DEFENDANT'S** ~~MOTION~~ **FOR**

11  **JESUS JESSE BANERJEE,**            **RECONSIDERATION**

12          **Defendant**

13

14

15          COMES NOW, the Defendant, Jesse Banerjee, appearing pro se, respectfully

16  submits this Motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e) and

    Local Rule 7-18 seeking a reconsideration of the Court's order dated 1st May 2024 denying his

17  Motion to Set Aside Default and Default Judgment.

18

19

20

21

22

23

24

25

26

27

1

**TABLE OF CONTENTS**

BACKGROUND ........................................................................................................... 4

STATEMENT OF FACTS ......................................................................................... 4

ARGUMENTS ............................................................................................................ 12

I.      Ineffective Assistance of Counsel .................................................................. 13

II.     New Evidence ................................................................................................... 15

III.    Legal Error: Misinterpretation of Legal Arguments .................................. 17

IV.     Manifest Injustice: Prejudice Resulting from Default Judgment .............. 18

CONCLUSION .......................................................................................................... 19

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

## Cases

Allen v. Nw. Permanente, P.C., No. 3:12-cv-0402-ST, 2012 WL 5996935 .................................................9
Brambles USA, Inc. v. Blocker, 735 F, Supp. 1239, 1241 (D. Del. 1990) ............................................12
Brambles, 735 F. Supp. at 1240) ................................................................................................................12
Cmty. Dental Servs. v. Tani, 282F.3d 1164,1169(9th Cir.2002) .........................................................10
Cmty. Dental Servs. v. Tani, 282F.3d 1164,1170(9th Cir.2002) .........................................................10
DaimlerChrysler AG Sec. Lit., 200 F. Supp. 2d 439,442 ......................................................................12
Dentsply int'l, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385,419. ...........................................................12
Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 439 ....................................................................9
Engleson v. Burlington N.R. Co., 972F.2d1038, 1044 (9th Cir.1994) .................................................10
Falkv. Allen, 739F.2d 461, 463(9th Cir.1984) ......................................................................................10
Flash Seats, LLC v. Paciolan, Inc., No. CIV. 07-575-LPS, 2011 WL 4501320, 469 F. (Fed. Cir. 2012) ... 12
In re DaimlerChrysler, 200 F. Supp. 2d. ..................................................................................................12
Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990) ................................................................9
Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1352 (3d Cir. 1990) ...........................................12
Kana Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) .............................................9
Max's Seafood Cafe v. Quinteros, 176 F.3d 669,677 (3d Cir. 1999) ....................................................12
New Castle County v. Hartford Accident and Indemnity Co., 933 F.2d 1162, 1176-77 (3d Cir. 1991) ... 12
Romtec, et al. v. Oldcastle Precast, Inc., 08-06297-HO, 2011 WL 690633 .............................................9
Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)) ................13
Sch. Dist. No. JJ, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) ...............9
Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) ................................................................9
Silva Rivera v. State Ins. Fund Corp., 488 F. Supp. 2d 72, 77 (D.P.R. 2007) .....................................12
Sissoko v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006) ......................................................................9
United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989), .................................................................8
United States v. Mills, 2004 U.S. Dist. LEXIS 291 ..................................................................................8
United States v. Washington, 394F.3d 1152, 1157(9th Cir.2005) .........................................................10

## Statutes

Fed. R. Civ. P. 60(b) ...............................................................................................................................10
Federal Rule of Civil Procedure 59(e) ......................................................................................................8

## Rules

Local Rule 7-18 ..........................................................................................................................................8

**BACKGROUND**

In the original motion, the Court determined that the defendant, Jesus "Jesse" Banerjee, failed to provide sufficient evidence and legal arguments to support setting aside the default and default judgment. However, it is respectfully submitted that this determination fails to fully consider the circumstances surrounding Mr. Banerjee's representation and the available evidence that was not presented due to ineffective assistance of counsel. Mr. Banerjee, through no fault of his own, found himself in a position where his legal representation fell short of the standards expected in such proceedings. Despite earnest attempts to collaborate with his counsel and provide necessary instructions and evidence, Mr. Banerjee was thwarted by a breakdown in communication and performance on the part of his counsel of record at the time. Furthermore, the Court's ruling appears to have been made without a complete understanding of the challenges Mr. Banerjee faced in securing effective legal representation. This failure to fully appreciate the constraints under which Mr. Banerjee operated unfairly prejudices his ability to seek redress and justice in this matter. Therefore, it is imperative that the Court reconsider its decision in light of these extenuating circumstances and afford Mr. Banerjee the opportunity to present his case fully and fairly.

**STATEMENT OF FACTS**

The Decedent, Somen Banerjee, aka Steven Banerjee, was the founder of the acclaimed male exotic entertainment brand, Chippendales. Somen Banerjee, the founder and CEO of Easebe Enterprises Inc., acquired and registered the Chippendales trademark in 1981. He remained the sole owner until his death in 1994. According to the death certificate attached herein as **EXHIBIT A**, the Decedent passed away while incarcerated in Los Angeles County, California, on October 24, 1994.

At the time of the Decedent's death, three children survived him: Lindsay Banerjee (referred to as "Lindsay"), Christian Banerjee ("Christian"), and Jesse Banerjee. Just before his demise, the Decedent was amidst divorce proceedings with his then-wife, Irene Banerjee ("Irene"). Simultaneously, he was serving a sentence for the attempted murder of a former male exotic dancer and employee.

1    During the summer of 1994, defendants Somen Banerjee and Irene Banerjee, alongside
2   Mark Pakin and Nace Cohen, acting on behalf of themselves and entities like Easebe,
3   Chippendales, Inc., 929 Club, CLP, and CHIP, commenced executing an asset movement plan
    aimed at obstructing, delaying, and defrauding various creditors associated with the defendants.
4   For the context of this Fifth Claim for Relief, these defendants collectively are referred to as the
5   "fraudulent transfer defendants." Around July 28, 1994, defendant Somen Banerjee entered a
6   plea agreement in U.S. v. Banerjee, acknowledging a conspiracy and agreeing to forfeit his
7   Chippendales empire interest. However, prior to this, the fraudulent transfer defendants had
8   orchestrated an initial asset transfer (the "Initial Transfer"). In this transfer, Somen Banerjee
9   relinquished a significant part of his Chippendales empire, two homes and a Mercedes Benz, to
    defendant Irene Banerjee without any meaningful exchange, solely to defraud creditors. The
10   division of assets did not materialize until November 1994, a month after Steven's passing, as
11   evidenced by **EXHIBIT B** - the marital dissolution judgment issued by the Court On August 17,
12   1994, a judgment of dissolution of marriage between Steve Banerjee and Irene Banerjee entered
13   in the Los Angeles Superior Court Case No. BD 157386

14    This Initial Transfer, driven purely by the intention to defraud creditors, was organized
15   with the active involvement and awareness of Mark Pakin, Nace Cohen, Easebe, Chippendales,
16   Inc., and the 929 Club. It took place within un uncontested divorce stipulation between Somen
17   Banerjee and Irene Banerjee, alluded to above, serving the singular purpose of deceiving
    creditors, done without legitimate consideration, swiftly, and intended to conceal its terms from
18   creditors. Its aim was to transfer a substantial part of the defendants' stock and assets while
19   maintaining control and creating the impression of insolvency post-transfer. The federal
20   government contested the legitimacy of this Initial Transfer in late summer and early fall 1994.
21   To hide the terms and conditions from the plaintiffs, the fraudulent transfer defendants attempted
22   to seal all related records and filings. Anticipating challenges to the transfer's fraudulent nature,
    they expedited another deceitful transfer of assets (the "Subsequent Transfer"), this time passing
23   a significant part of the stock and assets of Easebe, Chippendales, Inc., and 929 Club to Nace
24   Cohen, CLP, and CHIP, again, without meaningful consideration and solely to defraud creditors.

25    Similar to the Initial Transfer, the Subsequent Transfer involved S. Banerjee, Irene
26   Banerjee , Mark Pakin, Easebe, Chippendales, Inc., 929 Club, Nace Cohen, CLP, and CHIP,
27

aiming to deceive creditors, lacking legitimate consideration, conducted hurriedly to hide terms, transferring most assets while retaining control, and presenting an appearance of insolvency. Defendant S. Banerjee's suicide in October 1994 followed the apparent completion of the Subsequent Transfer. Defendants Irene Banerjee , Easebe, Chippendales, Inc., and 929 Club, through the administrator of her estate, refused to disclose the full details of these transfers, impeding understanding. The available information confirms the fraudulent nature of the transfers, revealing ninety percent of Easebe's assets transferred to Irene Banerjee with no substantial consideration and Nace Cohen's supposed "purchase" of Chippendales, Inc. with minimal consideration. These transfers' sole intent was to deceive and delay creditors, including the plaintiffs. Defendant Irene Banerjee further moved any limited funds from these transfers into offshore accounts to continue obstructing and deceiving creditors, as acknowledged by her attorney, Mr. Gernsbacher, indicated in Exhibit "E." Defendants Nace Cohen, Mark Pakin, CLP, and CHIP claimed ownership and control of Chippendales' assets without paying any legitimate consideration. Cohen, an insider due to family ties, and Pakin, a long-term Chippendales employee and close associate of defendants Irene Banerjee and S. Banerjee, orchestrated this deceitful transfer to defraud creditors. The sale was marred by irregularities because Ms. Irene Banerjee lacked authority to sell the trademark as she was neither an executor nor a partner of Easebe Enterprises Inc. CLP Tours Ltd. failed to conduct proper due diligence, raising suspicions of insider dealing. The sale proceeds were routed through attorney Gernsbacher and Ms. Banerjee's sister, Helen Maryman, in Belgium, suggesting an attempt to conceal the transaction. Before Irene's passing on 2/8/2001, it is believed that rather than disclosing the Decedent's passing to authorities, Irene and the mentioned Respondents - Irene's sister Helen Maryman ("Helen"), Helen's husband Bradley Maryman ("Brad"), and Irene's children Lindsay and Christian - allegedly concealed this information for years. They purportedly engaged in activities to deplete the Decedent's estate, using fraudulent methods such as forging signatures, manipulating notary stamps, and knowingly hiding the Decedent's passing and the invalid divorce judgment from financial institutions and authorities. According to information and belief, Irene and her associates - Helen, Brad, Christian, and Lindsay - allegedly utilized corporate entities and trusts to transfer the Decedent's assets out of his name fraudulently. This petition specifically aims to recover one of these assets: the Chippendales trademark. Alternatively, it is believed that these individuals intentionally spent, distributed, or

misappropriated these assets that rightfully belong to the Decedent's estate, potentially justifying a judgment for associated damages against them.

Irene Banerjee demonstrably lacked any legal authority to manage or dispose of Somen Banerjee's assets at the time of the purported sale of the Chippendales trademark. This conclusion is supported by the absence of any official documentation appointing her as executor, partner, or heir to the estate. Furthermore, the divorce judgment, relied upon by Irene as a supposed basis for her actions, did not and could not convey ownership of Somen Banerjee's assets due to its effective date postdating his death.

The sale of the Chippendales trademark raises substantial concerns regarding legitimacy and transparency. The sale price of $1.8 million falls significantly below the estimated value of $50 million, suggesting either substantial undervaluation or intentional manipulation. Additionally, the lack of due diligence conducted by CLP Tours Ltd., the buyer, casts further doubt on the transaction's validity. The routing of sale proceeds through an attorney and Irene Banerjee's sister in Belgium strengthens the suspicion of concealment and obfuscation. This fraudulent sale constitutes a clear violation of California Probate Code section 850, which authorizes probate courts to determine ownership of property belonging to a decedent and prevent its wrongful removal. Ms. Irene Banerjee's actions fall within the purview of section 850 as she possessed and claimed ownership of the Chippendales trademark, an asset belonging to the estate. Further, she concealed and disposed of the trademark through a fraudulent sale without legal authority.

The deliberate non-disclosure of Somen Banerjee's death constitutes a significant and potentially illegal action. This delay in initiating probate proceedings and notifying authorities directly impeded Jesse Banerjee's ability to protect the estate and seek legal recourse.

The utilization of corporate entities and trusts by Irene Banerjee and her associates appears intended to further obscure the ownership and origin of assets potentially belonging to the Decedent's estate. This practice potentially facilitates the diversion of funds away from their rightful beneficiaries.

Irene Banerjee's actions regarding the Decedent's estate were undertaken without any legal standing or authorization. The absence of an officially recognized role within the estate

renders her purported sale of the Chippendales trademark and any other financial transactions null and void. The divorce judgment, while seemingly official, possesses no legal power to transfer ownership of the Decedent's assets due to its effective date postdating his death. This incontrovertible fact negates any possible claims of Irene's right to manage or dispose of Somen Banerjee's estate and its valuable assets. Any further activities undertaken by Irene Banerjee or her associates to manage or distribute the Decedent's assets were not only unauthorized but potentially constituted unlawful actions. Their lack of legal standing within the estate renders their involvement illegitimate and potentially subject to legal challenge.

A consistent pattern of fraudulent behavior emerges concerning the handling of Somen Banerjee's marital status upon his death and subsequently Irene Banerjee's status after his passing. Initially, on Somen Banerjee's death certificate, the informant—his brother-in-law—alleged that he was married, failing to disclose his divorce. This intentional omission suggests an initial attempt to misrepresent Somen Banerjee's true marital status.

In the case *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467 (2d Cir. 1998), the court noted that On February 22, 1996, Irene Banerjee, representing herself as Banerjee's surviving spouse, served and filed a statement of the fact of Banerjee's death.

Following Irene Banerjee's death, her Sister Helen Maryan, acting as the executrix of her estate, once again misrepresented Irene Banerjee as a widow, neglecting to acknowledge the dissolution of her marriage to Somen Banerjee. Legal precedents assert a fundamental principle: following a divorce, an ex-spouse does not retain the status of a widow or widower upon the death of their former partner. This concept, elucidates that divorce terminates the marital bond, rendering the ex-spouse as an individual distinct from the deceased. "Where a husband and wife are divorced a vinculo they each became single persons and after the husband's death the wife is not his widow. *Alabama Pension Comm. v. Morris*, 242 Ala. 110, 4 So.2d 896; 45 Words and Phrases, Widow and Wives. *Goodman v. McMillan*, 258 Ala. 125, 129 (Ala. 1952) ("The divorce between the parties severed the marriage relation and thereafter Florence McMillan was no longer the wife of Dr. McMillan. In contemplation of law each was then a single person and she could never thereafter (except by a subsequent valid marriage with him) have been his widow at his death. A widow in contemplation of law is a wife who outlives her husband, not an ex-wife who had theretofore been divorced from him. Alabama Pension Commission v.

Morris, 242 Ala. 110, 112, 4 So.2d 896, 897.") The consistent oscillation in presenting Irene Banerjee's marital status—acknowledging the divorce when expedient and positioning her as a widow when advantageous—unveils a persistent and orchestrated pattern of fraudulent behavior. Both Irene Banerjee and the administrator of her estate engaged in this systematic misrepresentation, manipulating Irene Banerjee's marital narrative to suit their specific motives in various scenarios. This calculated and recurrent misrepresentation stands as a testament to a deliberate effort to distort facts to their advantage, raising serious ethical and legal concerns regarding their actions.

The US Patent and Trademark Office (USPTO) lodged an appeal against the trademarks of CHIPPENDALES USA LLC, as documented in the US Government record. The appeal was directed to the United States Patent and Trademark Trial and Appeal Board, specifically Serial No. 78/666,598. The Board affirmed Chippendale's additional agreements, overturning the prior board decision due to its lack of merit. Mr. Jesus Jesse Banerjee, son of Somen Banerjee, is identified as the beneficiary and heir. As such, he stands entitled to future profits and royalties derived from the inherited trademark Chippendales, along with intellectual property ownership rights. These entitlements are validated through the Letter of Administration, a part of which consists of court documents and is included in the records of this case. Issued by the California Probate Court, the Letter of Administration is acquired through a formal petition to the court. In recognition of his role, Jesus Jesse Banerjee has been appointed Administrator to oversee the settlement of the estate and the disposition of any associated property. It is notable that Jesus Jesse Banerjee, as the oldest surviving sibling successor of Somen Banerjee.

### Federal Government Action

The federal case of U.S. v. Banerjee, led to the issuance of a restraining order on aimed at restraining Somen Banerjee's property as follows "Pursuant to 18 U.S.C. { 1963(d)(1)(A), all persons shall be and are enjoined, restrained, and prohibited from assigning, selling, leasing, mortgaging, encumbering, dissipating, or in any other way disposing of or diminishing any of defendant SOMEN "STEVE" BANERJEE 's interest in or control over Easebe, Inc., Chippendales, Inc., the 929 Club Inc. , and any subsidiary or related other businesses, or any of the assets thereof, including but not limited to property rights, the name "Chippendales,"

licenses, merchandise, inventory, accounts receivable, bank accounts, real property, fixtures, trademarks, copyrights, and contract rights ("the Easebe property") , until such time as the Court issues a Final Order of Forfeiture." This federal action centers on fraudulent activities linked to property ownership and transfers. The specific focus on restraining Banerjee's assets underlines the seriousness of fraudulent behavior associated with these properties. The reverberations of this federal action extend to any property transfers taking place within the ongoing divorce proceedings. The concern arises from the possibility that such transfers might be rooted in fraudulent activities, potentially necessitating detailed scrutiny and judicial intervention. The far-reaching implications of the federal restraining order intersect with the divorce proceedings, raising legitimate concerns about the legitimacy of property transfers occurring amidst this legal context. Given the restraining order's scope and the nature of fraudulent activities addressed within the federal case, there exists a compelling argument for meticulous examination and potential judicial involvement to ascertain the validity and legality of any property transfers connected to Somen Banerjee's assets mentioned in both the federal action and the ongoing divorce proceedings.

### Fraudulent Transfer Ruling

The previous judicial ruling, addressing the fraudulent transfer orchestrated by Irene Banerjee, serves as evidence highlighting irregularities within this case. On April 30th 1997, the Judgement creditor obtained judgement against Irene K. Banerjee, which judgement held that three assets of Somen Banerjee had been fraudulently transferred to MS Irene Banerjee namely Easebe Enterprises Inc., 151 Napoleon Street Playa del Rey and 301 Redland Street, which assets were the main subjects in the marital dissolution agreement entered between Somen Banerjee and Irene Banerjee. The court in the case No CV 94-4729 WJR (RNBX) Consolidated W/ CV 94-7587 WJR, **Schrotel** et al v. Irene Katherine **Banerjee** et al, Case No. BC181085 (**EXHIBIT C**) specifically noted as follows in its orders "…FURTHER ORDERED, ADJUDGED AND DECREED that the 1994 transfer of assets by and between defendant Somen Banerjee and defendant Irene Banerjee were intended to hinder, delay or defraud creditors.. This judgement unequivocally invalidates any spousal agreements linked to property transfers within the context of the ongoing divorce proceedings, underscoring the imperative need for a comprehensive legal reevaluation of all property transfers in contention.

The sequence of events surrounding the divorce proceedings between his father, Somen Banerjee (Steven Banerjee) and stepmother, Irene Banerjee has had a profound impact on Jesse Banerjee's inheritance rights and financial stability, leading to his disinheritance. The Marital Dissolution judgment entered on August 17, 1994, and subsequent actions, including the nullification of a post-marital agreement, fraudulent asset transfers, and persistent misrepresentation, have collectively undermined Jesse Banerjee's rightful claim to his father's estate. The circumstances surrounding the Marital Dissolution judgment, especially the questionable post-marital agreement and irregular asset transfers during Somen Banerjee's incarceration and subsequent demise, raise critical concerns about the integrity and fairness of the entire process. These actions, coupled with the continuous misrepresentation of Irene Banerjee's marital status, paint a picture of calculated manipulation and deceit that significantly affect Jesse Banerjee's rightful inheritance. Moreover, the revelations of fraudulent asset transfers under the Uniform Fraudulent Transfer Act, and the persistent misrepresentation of Irene Banerjee's marital status cast a glaring light on a deliberate attempt to defraud, highlighting the urgent need for a comprehensive reassessment to ensure justice and fairness for Jesse Banerjee in this unjust estate dispute.

### Defendant's appointment as administrator of his father's estate

The appointment of Jesse Banerjee as the administrator over the estate of his father, Somen Banerjee, is a matter of judicial record and bears significant legal weight. The minute order issued by the Superior Court of California, County of Los Angeles, clearly delineates the granting of letters of administration to Jesse Banerjee on October 15, 2018. This appointment bestowed upon him full authority as the Personal Representative of the Estate, with powers including Independent Administration of Estate Act (IAEA) powers. Importantly, the issuance of these letters of administration occurred without the annexation of the purported fraudulent will that Lindsay sought to rely upon and annexed herewith as **EXHIBIT D** is a copy of the Minute Order and Letters appointing Jesee Banerjee, the defendant herein as administrator with full powers.

The minute order underscores the court's recognition of Jesse Banerjee's rightful role as the administrator of his father's estate, affirming his legal standing and authority to manage and administer the estate's affairs. The court's decision to grant letters of administration signifies its

1  endorsement of Jesse Banerjee's qualifications and suitability for the role, further solidifying his
2  position as the legitimate administrator of the estate. It's crucial to emphasize that the court's
3  appointment of Jesse Banerjee as the administrator was based on a thorough consideration of the
4  relevant legal factors and without any influence from external or fraudulent documents.

5  **ARGUMENTS**

6      Defendant brings this motion for reconsideration pursuant to Federal Rule of Civil
7  Procedure 59(e), which mandates that "Any motion to alter or amend a judgment shall be filed
   no later than 10 days after entry of the judgment." Local Rule 7-18 further delineates the grounds
8  for such a motion, stating that reconsideration may only be sought on the basis of "(a) a material
9  difference in fact or law from that presented to the Court before such decision that in the exercise
10  of reasonable diligence could not have been known to the party moving for reconsideration at the
11  time of such decision, or (b) the emergence of new material facts or a change of law occurring
12  after the time of such decision, or (c) a manifest showing of a failure to consider material facts
   presented to the Court before such decision." The Second Circuit, in United States v. Adegbite,
13  877 F.2d 174, 178 (2d Cir. 1989), elucidated three circumstances that may justify reconsideration
14  of an earlier decision: "an intervening change in controlling law, new evidence, or the need to
15  correct a clear error of law or to prevent manifest injustice." Echoing this sentiment, the court in
16  United States v. Mills, 2004 U.S. Dist. LEXIS 291 (D. Conn. Jan. 8, 2004), interpreted the local
17  civil rule for motions for reconsideration (Rule 7(c)), stating that such motions are akin to
   motions for amendment of judgment under Fed.R.Civ.P. 59(e) and must be treated under its
18  standard. Consequently, a motion for reconsideration must adhere to stringent standards,
19  requiring the movant to demonstrate that the court overlooked matters or controlling decisions
20  which might reasonably have altered the court's result.

21      Specifically, Rule 59(e) permits reconsideration based on three possible grounds: (1) an
22  intervening change in the law; (2) the availability of new evidence not previously available; and
23  (3) the need to correct a clear error of law or prevent manifest injustice. These standards aim to
24  prevent the repetitive re-argument of issues already considered and decided. As elucidated in
25  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995), "The standard for granting ... a
   motion [for reconsideration] is strict, and reconsideration will generally be denied unless the
26  moving party can point to controlling decisions or data that the court overlooked -- matters, in
27

other words, that might reasonably be expected to alter the conclusion reached by the court." The Federal Rules of Civil Procedure do not explicitly address motions for reconsideration, as noted in Allen v. Nw. Permanente, P.C., No. 3:12-cv-0402-ST, 2012 WL 5996935, at *l (D. Or. Nov. 30, 2012). However, two rules implicitly allow for the revisiting of prior decisions: Rule 59(e) and Rule 60(b) (2016). After the court has entered a final judgment, a party may seek relief from that judgment "under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment)," per Allen, 2012 WL 5996935, at *1 (quoting Sch. Dist. No. JJ, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Rule 60(b) outlines various grounds for seeking relief from a judgment, including mistake, newly discovered evidence, fraud, void judgment, judgment satisfaction, or any other reason justifying relief. Rule 59(e), on the other hand, does not specify a test for reconsideration but courts have determined that it is appropriate if presented with newly discovered evidence, committed a clear error, or if there is an intervening change in controlling law, as articulated in Sissoko v. Rocha, 440 F.3d 1145, 1153-54 (9th Cir. 2006) and Kana Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000). A motion for reconsideration should fulfill two objectives: (1) demonstrate reasons for the court to reconsider its prior decision, and (2) present law or facts of a strongly convincing nature to induce the court to reverse its prior decision, as stated in Romtec, et al. v. Oldcastle Precast, Inc., 08-06297-HO, 2011 WL 690633, at *8 (D. Or. Feb. 16, 2011) (citing Donaldson v. Liberty Mut. Ins. Co., 947 F. Supp. 429, 430 (D. Haw. 1996)). Whether brought under Rule 59 or Rule 60, when a party seeks reconsideration based on new evidence, the court applies the same test. Under this test, the movant must demonstrate that the evidence existed at the time of the original decision, could not have been discovered through due diligence, and was of such magnitude that its earlier production would likely have changed the disposition of the case, as outlined in Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir. 1990).

## I.    Ineffective Assistance of Counsel

Once Judgment has been entered, reconsideration may be sought by filing a motion under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend judgment) or Federal Rule of Civil Procedure 60(b) (motion for relief from judgment). This legal framework, as established by precedent, guides the court in evaluating the merits of a motion for reconsideration. Rule 60(b) specifically provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances (Engleson v. Burlington N.R. Co., 972F.2d1038, 1044 (9th

Cir.1994)). Under Rule 60(b), the court may grant reconsideration based on several grounds, including mistake, newly discovered evidence, fraud, void judgment, judgment satisfaction, or any other reason justifying relief (Fed. R. Civ. P. 60(b)). Rule 60(b)(6) serves as a "catchall provision" applicable when the reason for granting relief is not covered by the other reasons set forth in Rule 60. This provision is invoked sparingly and is aimed at preventing manifest injustice caused by extraordinary circumstances beyond the party's control (United States v. Washington, 394F.3d 1152, 1157(9th Cir.2005)). To open a case under Rule 60(b)(6), a party must establish both injury and circumstances beyond their control that prevented them from proceeding in a proper fashion. Notably, where the client has demonstrated gross negligence on the part of their counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6) (Cmty. Dental Servs. v. Tani, 282F.3d 1164,1169(9th Cir.2002)). It is crucial to recognize that judgment by default is an extreme measure, and a case should, whenever possible, be decided on the merits (Cmty. Dental Servs. v. Tani, 282F.3d 1164,1170(9th Cir.2002)). Counsel who abandons their duties as an attorney, despite assuring the client that a case is "proceeding properly," commits gross negligence, highlighting the remedial nature of Rule 60(b)(6) and the imperative to liberally apply it (Falkv. Allen, 739F.2d 461, 463(9th Cir.1984)(percuriam)).

Regrettably, it is brought to the Court's attention that the defendant, Mr. Jesus "Jesse" Banerjee, received ineffective assistance from his counsel of record at the time. Despite Mr. Banerjee's repeated attempts to provide instructions, furnish evidence, and plead relevant facts, his counsel failed to adequately represent his interests in this matter. Specifically:

     i.     **Failure to Furnish Evidence:** Despite Mr. Banerjee's diligent efforts to provide relevant documents and information, his counsel neglected their duty to properly gather and submit crucial evidence that would have supported his defense. This negligence resulted in the Court being deprived of access to material that could have significantly influenced its decision-making process. Had the evidence been presented as intended, it could have provided valuable context and clarity to the case, potentially leading to a different outcome.

     ii.     **Failure to Plead Facts:** Mr. Banerjee possessed personal knowledge of certain facts essential to the case, yet his counsel failed to incorporate them into the

1    pleadings. This critical oversight led to the Court being deprived of essential information

2    necessary for a comprehensive understanding of the case's intricacies. By failing to plead

3    these facts, Mr. Banerjee's counsel effectively handicapped his defense, denying him the

4    opportunity to present a complete and compelling case before the Court.

5        iii.    **Lack of Communication:** Despite Mr. Banerjee's persistent attempts to

     communicate with his counsel and provide instructions, there existed a consistent lack of

6    communication and cooperation. This breakdown in communication severely undermined

7    Mr. Banerjee's ability to effectively participate in his defense and contribute

8    meaningfully to the preparation of his case. Without open lines of communication and

     collaboration between attorney and client, Mr. Banerjee was left unaware of critical

9    developments in his case and unable to provide necessary input, further diminishing his

10   ability to receive a fair trial.

11
     It is evident that Mr. Banerjee's counsel failed to meet the standard of representation

12   expected in legal proceedings of this nature. The deficiencies in counsel's performance directly

13   impacted Mr. Banerjee's ability to present a robust defense and advocate for his rights in a

14   meaningful manner. As such, it is imperative that the Court takes into account these significant

15   shortcomings when reconsidering its decision in this matter. In light of the foregoing, Mr.

16   Banerjee respectfully urges the Court to recognize the gross negligence exhibited by his counsel

17   and to exercise its discretion by granting the motion for reconsideration under Rule 60(b)(6).

     Failure to do so would perpetuate a manifest injustice and undermine the principles of fairness

18   and due process. Annexed Herewith as **EXHIBIT E,** are copies of relevant emails from the

19   defendant to his attorney of record.

20
## II.    New Evidence

21   The Federal Rules of Civil Procedure do not mention either motions for reconsideration

22   or reargument. See Brambles USA, Inc. v. Blocker, 735 F, Supp. 1239, 1241 (D. Del. 1990).

23   Courts often treat such motions as motions to alter or amend a judgment, authorized by Federal

24   Rule of Civil Procedure 59(e).5 *Flash Seats, LLC v. Paciolan, Inc., No. CIV. 07-575-LPS, 2011*

25   *WL 4501320,* 469 F. (Fed. Cir. 2012) (citing Silva Rivera v. State Ins. Fund Corp., 488 F. Supp.

26   2d 72, 77 (D.P.R. 2007) ("[A]ny motion seeking the reconsideration of a judgment or order is

     considered as a motion to alter or amend a judgment under [Rule] 59(e) if it seeks to change the

order or judgment issued .... ")). "A motion for reconsideration under [District of Delaware] Local Rule 7.1.5 which is timely filed and challenges the correctness of a previously entered order is considered the 'functional equivalent' of a motion to alter or amend a judgment pursuant to Rule 59(e)." In re DaimlerChrysler AG Sec. Lit., 200 F. Supp. 2d 439,442 ; see also New Castle County v. Hartford Accident and Indemnity Co., 933 F.2d 1162, 1176-77 (3d Cir. 1991); Jones v. Pittsburgh National Corp., 899 F.2d 1350, 1352 (3d Cir. 1990). Local Rule 7.1.5 provides that "[i]f a party chooses to file a motion for reargument, said motion shall be filed within 14 days after the Court issues its opinion or decision, with the exception of motions filed pursuant to [Rule] 59( e ), which ' shall be filed in accordance with the time limits set forth in [Rule] 59(e)." Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The purpose of a motion for reconsideration is "to correct manifest errors of law or fact or to present newly discovered evidence." In re DaimlerChrysler, 200 F. Supp. 2d at 442 (citing Max's Seafood Cafe v. Quinteros, 176 F.3d 669,677 (3d Cir. 1999)). Motions for reargument or reconsideration may not be used to rehash arguments which have already been briefed, considered and decided. Id. (citing Brambles, 735 F. Supp. at 1240). As such, a court may only alter or amend its judgment if it is presented with: (1) a change in the controlling law; (2) newly available evidence; or (3) the need to correct a clear error of law or fact to prevent manifest injustice. Max's Seafood, 176 F .3d at 677. Motions for reconsideration or reargument are to be granted only sparingly. D. Del. LR 7.1.5. The decision to grant such reliefies squarely within the discretion of the district court. Flash Seats, 2011 WL 4501320, at *2 (citing Dentsply int'!, Inc. v. Kerr Mfg. Co., 42 F. Supp. 2d 385,419 .

The Court has discretion in granting or denying a motion for reconsideration, but such discretion is reserved for "highly unusual circumstances." Beaver v. Tarsadia Hotels, 29 F. Supp. 3d 1294, 1301 (S.D. Cal. 2014) (citations omitted), aff'd, 816 F.3d 1170 (9th Cir. 2016). Specifically, reconsideration pursuant to Rule 59(e) is "appropriate if the district court (1) is presented with newly discovered evidence; (2) clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." Id. (quoting Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993)). Most importantly: "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, 229 F.3d at 890.

1    The failure of Mr. Banerjee's previous counsel to furnish essential evidence, despite
2  diligent efforts by the defendant, placed the case in a precarious position where critical evidence
3  was never presented to the Court due to the negligence and inefficiency of counsel. Despite Mr.
4  Banerjee's earnest attempts to provide necessary documents and information to his attorney,
   there was a regrettable oversight in gathering and submitting crucial evidence vital to his
5  defense. This failure by counsel deprived the Court of access to material that could have
6  significantly influenced its decision-making process. The evidence which was not previously
7  furnished to the Court, is indispensable for a comprehensive understanding of the case. These
8  documents fill critical gaps in the evidentiary record, providing insights and perspectives that
   were absent during the initial proceedings. It is imperative to recognize that the failure to present
9  this evidence was not due to any lack of diligence or cooperation on Mr. Banerjee's part. On the
10 contrary, Mr. Banerjee made every effort to assist his counsel and ensure that all relevant
11 information was provided. However, despite his diligence, there was a breakdown in the
12 representation provided by his counsel, resulting in the omission of crucial evidence from the
13 Court's consideration.

14   In light of these circumstances, it is evident that the new evidence warrants
15 reconsideration by the Court. By acknowledging the failure of previous counsel to furnish
16 essential evidence, the Court can rectify an injustice and ensure that Mr. Banerjee receives a fair
   and impartial hearing. Therefore, Mr. Banerjee respectfully urges the Court to reconsider its
17 previous decision in light of this newly revealed evidence and the circumstances surrounding its
18 omission from the original proceedings.

19

20          **III.    Misinterpretation of Factual Arguments**

21   In addition to the issues concerning ineffective assistance of counsel and the emergence
   of new evidence, it appears that there may have been a misunderstanding or misinterpretation of
22 certain factual arguments as presented by the plaintiff and as relied upon by the court. We posit
23 that the plaintiff's conduct casts significant doubts on the transparency and sincerity of their
24 intentions in this legal proceeding.

25   Primarily, we draw attention to the petitioner's reliance on documents purportedly
26 provided by Lindsay, the daughter of the deceased, Steve Banerjee. It's imperative to underscore
27 that Lindsay's objection and competing claim to the defendant's grant of letters of administration

were unequivocally denied by the probate court. Despite this decisive judicial ruling, Attached herein as **EXHIBIT E**, the petitioner persists in citing these documents as if they possess legal weight, thereby potentially misleading the court and engaging in fraudulent misrepresentation.

Furthermore, the plaintiff's persistent challenge to the defendant's status as Steve Banerjee's son raises profound suspicions regarding their underlying motives. The grant of letters of administration to the defendant by the probate court stands as prima facie evidence of his relationship to the deceased. By disregarding this explicit legal recognition and persisting in their unfounded allegations, the plaintiff exhibits a troubling pattern of behavior suggestive of ulterior motives, possibly including fraudulent intent.

In light of these compelling observations, we urge the court to exercise utmost scrutiny in evaluating the plaintiff's claims and actions. The potential implications of fraudulent misrepresentation in this matter cannot be overstated, and it is imperative for the court to uphold the principles of justice and fairness by thoroughly scrutinizing any indications of misconduct.

## IV.   Manifest Injustice: Prejudice Resulting from Default Judgment

The enforcement of the default judgment in this case would undoubtedly lead to manifest injustice, primarily due to the circumstances surrounding ineffective assistance of counsel. Failing to consider the impact of such ineffectiveness on the outcome of this case would unfairly prejudice Mr. Banerjee's rights and interests. Moreover, upholding the default judgment without accounting for these critical factors would perpetuate an unjust outcome.

The failure to address the ineffective assistance of counsel deprives Mr. Banerjee of the opportunity to present a full and fair defense in this matter. Despite his diligent efforts to cooperate with counsel and provide necessary instructions and evidence, Mr. Banerjee was unjustly hindered by the incompetence of his legal representation. This denial of adequate representation fundamentally undermines the integrity of the legal process and undermines the principles of fairness and due process. Furthermore, enforcing the default judgment in the absence of a thorough consideration of these issues would exacerbate the prejudice suffered by Mr. Banerjee. It would perpetuate an outcome that fails to account for the complexities and nuances of the case, thereby further depriving Mr. Banerjee of his rights to a fair and impartial adjudication.

1  Additionally, enforcing the default judgment would prejudice Mr. Banerjee's rights or

2  interests, such as financial loss, reputational harm, and/or other adverse consequences. These

3  adverse consequences highlight the urgency and necessity of reconsidering the default judgment

4  in light of the manifest injustice that would result from its enforcement. The enforcement of the

   default judgment without due consideration of the circumstances surrounding ineffective

5  assistance of counsel would perpetuate a grave injustice. Therefore, Mr. Banerjee urges the Court

6  to exercise its discretion and grant the motion for reconsideration to rectify this injustice and

7  ensure a fair and equitable resolution of this matter.

8                                  **CONCLUSION**

9           In light of the foregoing, I respectfully request that the Court grant

10  reconsideration of its order denying my motion to set aside the default and default judgment.

11  Alternatively, I request that the Court allow me an opportunity to present oral argument on this

12  matter.

            Respectfully submitted on this      $16$    day of May 2024

13          BY: _____

14              Jesse Banerjee, Pro Se

15          1937 22nd Street #4

16          Santa Monica, CA 90404

17          3109238788

            Email:infor@stevebanerjee.com

18

19

20  Jesse Banerjee

21  1937 22nd Street #4

22  Los Angeles, CA 90020

23  3109238788

    Email:infor@stevebanerjee.com

24

25

26

27

# COUNTY OF LOS ANGELES
### REGISTRAR-RECORDER/COUNTY CLERK

**STATE OF CALIFORNIA**
**CERTIFICATION OF VITAL RECORD**

**CERTIFICATE OF DEATH**
STATE OF CALIFORNIA
USE BLACK INK ONLY/NO ERASURES, WHITEOUTS OR ALTERATIONS
VS 11 (REV 7 93)

**39419045383**

| STATE FILE NUMBER | | | LOCAL REGISTRATION NUMBER |

**DECEDENT PERSONAL DATA**

| 1 NAME OF DECEDENT—FIRST (GIVEN) | 2 MIDDLE | 3 LAST (FAMILY) |
|---|---|---|
| SOMEN | — | BANERJEE |

| 4 DATE OF BIRTH MM/DD/CCYY | 5 AGE YRS | IF UNDER 1 YEAR / IF UNDER 24 HOURS | 6 SEX | 7 DATE OF DEATH MM/DD/CCYY | 8 HOUR |
|---|---|---|---|---|---|
| 10/08/1946 | 48 | MONTHS / DAYS / HOURS / MINUTES | M | 10/24/1994 | Fnd 0435 |

| 9 STATE OF BIRTH | 10 SOCIAL SECURITY NO | 11 MILITARY SERVICE | 12 MARITAL STATUS | 13 EDUCATION —YEARS COMPLETED |
|---|---|---|---|---|
| INDIA | 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 | 19___ TO 19___ [X] NONE | MARRIED | 16 |

| 14 RACE | 15 HISPANIC—SPECIFY | 16 USUAL EMPLOYER |
|---|---|---|
| INDIAN | [ ] YES [X] NO | SELF-EMPLOYED |

| 17 OCCUPATION | 18 KIND OF BUSINESS | 19 YEARS IN OCCUPATION |
|---|---|---|
| BUSINESS OWNER | ENTERTAINMENT | 20 |

**USUAL RESIDENCE**

| 20 RESIDENCE—STREET AND NUMBER OR LOCATION |
|---|
| 151 NAPOLEON STREET |

| 21 CITY | 22 COUNTY | 23 ZIP CODE | 24 YRS IN COUNTY | 25 STATE OR FOREIGN COUNTRY |
|---|---|---|---|---|
| PLAYA DEL REY | LOS ANGELES | 90293 | 25 | CALIFORNIA |

**INFORMANT**

| 26 NAME, RELATIONSHIP | 27 MAILING ADDRESS (STREET AND NUMBER OR RURAL ROUTE NUMBER, CITY OR TOWN, STATE, ZIP) |
|---|---|
| ROBERT TYCHOWSKJ – BROTHER IN LAW | 15 RAMONA AVENUE, BUFFALO, NEW YORK 14220 |

**SPOUSE AND PARENT INFORMATION**

| 28 NAME OF SURVIVING SPOUSE—FIRST | 29 MIDDLE | 30 LAST (MAIDEN NAME) |
|---|---|---|
| IRENE | KATHERINE | TYCHOWSKJ |

| 31 NAME OF FATHER—FIRST | 32 MIDDLE | 33 LAST | 34 BIRTH STATE |
|---|---|---|---|
| SATYABHUSAN | — | BANERJEE | INDIA |

| 35 NAME OF MOTHER—FIRST | 36 MIDDLE | 37 LAST (MAIDEN) | 38 BIRTH STATE |
|---|---|---|---|
| JAYASREE | — | MUKHERJEE | INDIA |

**1 of 2**

**DISPOSITION(S)**

| 39 DATE MM/DD/CCYY | 40 PLACE OF FINAL DISPOSITION |
|---|---|
| 11/01/1994 | RES: IRENE BANERJEE, 151 NAPOLEON STREET, PLAYA DEL REY, CA 90293 |

**FUNERAL DIRECTOR AND LOCAL REGISTRAR**

| 41 TYPE OF DISPOSITION(S) | 42 SIGNATURE OF EMBALMER | 43 LICENSE NO |
|---|---|---|
| CR/RES | Laura Cole | 7949 |

| 44 NAME OF FUNERAL DIRECTOR | 45 LICENSE NO | 46 SIGNATURE OF LOCAL REGISTRAR | 47 DATE MM/DD/CCYY |
|---|---|---|---|
| GATES, KINGSLEY & GATES | FD-451 | Rohit C. Bates | 10/31/1994 |

**PLACE OF DEATH**

| 101 PLACE OF DEATH | 102 IF HOSPITAL, SPECIFY ONE | 103 FACILITY OTHER THAN HOSPITAL | 104 COUNTY |
|---|---|---|---|
| L.A. CO. JAIL | [ ] IP [ ] ER/OP [ ] DOA | [ ] CONV HOSP [ ] RES [X] OTHER | Los Angeles |

| 105 STREET ADDRESS—STREET AND NUMBER OR LOCATION | 106 CITY |
|---|---|
| 535 N. Alameda Street | Los Angeles |

**CAUSE OF DEATH**

| 107 DEATH WAS CAUSED BY: (ENTER ONLY ONE CAUSE PER LINE FOR A, B, C, AND D) | | TIME INTERVAL BETWEEN ONSET AND DEATH | 108 DEATH REPORTED TO CORONER |
|---|---|---|---|
| IMMEDIATE CAUSE (A) | Asphyxia | unk | [X] YES [ ] NO |
| | | | 94-08032 |
| DUE TO (B) | Hanging | unk | 109 BIOPSY PERFORMED [ ] YES [X] NO |
| DUE TO (C) | | | 110 AUTOPSY PERFORMED [X] YES [ ] NO |
| DUE TO (D) | | | 111 USED IN DETERMINING CAUSE [X] YES [ ] NO |

| 112 OTHER SIGNIFICANT CONDITIONS CONTRIBUTING TO DEATH BUT NOT RELATED TO CAUSE GIVEN IN 107 |
|---|
| None |

| 113 WAS OPERATION PERFORMED FOR ANY CONDITION IN ITEM 107 OR 112? IF YES, LIST TYPE OF OPERATION AND DATE |
|---|
| No |

**PHYSICIAN'S CERTIFICATION**

| 114. I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. DECEDENT ATTENDED SINCE / DECEDENT LAST SEEN ALIVE MM/DD/CCYY / MM/DD/CCYY | 115 SIGNATURE AND TITLE OF CERTIFIER | 116 LICENSE NO | 117 DATE MM/DD/CCYY |
|---|---|---|---|
| | 118 TYPE ATTENDING PHYSICIAN'S NAME, MAILING ADDRESS, ZIP | | |

**CORONER'S USE ONLY**

| 119. I CERTIFY THAT IN MY OPINION DEATH OCCURRED AT THE HOUR, DATE AND PLACE STATED FROM THE CAUSES STATED. | 120 INJURY AT WORK | 121 INJURY DATE MM/DD/CCYY | 122 HOUR | 123 PLACE OF INJURY |
|---|---|---|---|---|
| | [ ] YES [X] NO | 10/24/1994 | unk | Cell |
| 119. MANNER OF DEATH [X] NATURAL [ ] SUICIDE [ ] HOMICIDE [ ] ACCIDENT [ ] PENDING INVESTIGATION [ ] COULD NOT BE DETERMINED | 124 DESCRIBE HOW INJURY OCCURRED (EVENTS WHICH RESULTED IN INJURY) |
| | Self Inflicted with Bed Sheet |

| 125 LOCATION (STREET AND NUMBER OR LOCATION AND CITY AND ZIP CODE) |
|---|
| 535 N. Alameda St., Los Angeles 90012 |

| 126 SIGNATURE OF CORONER OR DEPUTY CORONER | 127 DATE MM/DD/CCYY | 128 TYPED NAME, TITLE OF CORONER OR DEPUTY CORONER |
|---|---|---|
| Maria C Arreola | 10/27/1994 | Deputy Coroner Maria C. Arreola |

**STATE REGISTRAR**

| A | B | C | D | E | F | G | H | FAX AUTH # | CENSUS TRACT |
|---|---|---|---|---|---|---|---|---|---|

CALOSANGO2

This is to certify that this document is a true copy of the official
record filed with the Registrar-Recorder/County Clerk.



*Dean C. Logan*

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying the
seal and signature of the Registrar-Recorder/County Clerk.

JUN 23 2016



**1000001171962**

ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE

**CERTIFICATION OF VITAL RECORD**

# COUNTY OF LOS ANGELES
### REGISTRAR-RECORDER/COUNTY CLERK

**AFFIDAVIT TO AMEND A RECORD**

95-0002401

394190463 83

LOCAL REGISTRATION DISTRICT AND CERTIFICATE NUMBER

STATE FILE NUMBER

☐ BIRTH   ☒ DEATH   ☐ FETAL DEATH
**NO ERASURES, WHITEOUTS, OR ALTERATIONS**

| STATE/LOCAL REGISTRAR USE ONLY | 1A. | 1B. | 1C. |
|---|---|---|---|

**PART I   INFORMATION TO LOCATE RECORD—TYPE OR PRINT IN BLACK INK ONLY**

| NAME AS IT APPEARS ON RECORD | 1A. NAME—FIRST (GIVEN) | 1B. MIDDLE | 1C. LAST (FAMILY) |
|---|---|---|---|
| | Somen | | Banerjee |

| ADDITIONAL INFORMATION TO LOCATE RECORD | 2. SEX | 3. DATE OF EVENT—MONTH, DAY, YEAR | 4A. CITY OF OCCURRENCE | 4B. COUNTY OF OCCURRENCE |
|---|---|---|---|---|
| | M | 10/24/1994 | Los Angeles | Los Angeles |

| | 5. FATHER'S NAME AS STATED ON ORIGINAL | 6. MOTHER'S NAME AS STATED ON ORIGINAL |
|---|---|---|
| | Satyabhusan – Banerjee | Jayasree – Mukherjee |

**PART II   STATEMENT OF CORRECTIONS—NO ERASURES, WHITEOUTS, OR ALTERATIONS**

| 7. CERTIFICATE ITEM NUMBER | 8A. INFORMATION AS IT APPEARS ON ORIGINAL RECORD | 8B. INFORMATION AS IT SHOULD APPEAR |
|---|---|---|
| 40 | Res: Irene Banerjee, 151 Napoleon Street, Playa Del Rey, CA 90293 | ½ – Res: Irene Banerjee, 151 Napoleon Street, Playa Del Rey, CA 90293, ½ – Res 22 R.G. Kar Road, Shambazar, Calcutta 700004 |
| 41 | CR/RES   *2 of 2* | CR/TR/RES |

REASON FOR CORRECTION **9.** To correct the record.

AFFIDAVITS AND SIGNATURES
We, the undersigned, hereby certify under penalty of perjury that we have personal knowledge of the above facts and that the information given above is true and correct.

| TWO PERSONS MUST SIGN THIS FORM | 10A. SIGNATURE OF FIRST PERSON | 10B. TITLE/RELATIONSHIP TO PERSON IN PART I | 10C. DATE SIGNED |
|---|---|---|---|
| | [signature] | Funeral Director | 10/31/1994 |
| | 10D. AGE   Legal | 10E. ADDRESS (STREET, CITY, STATE, ZIP) 1925 Arizona Avenue, Santa Monica, CA 90404 | |

| USE BLACK INK ONLY | 11A. SIGNATURE OF SECOND PERSON | 11B. TITLE/RELATIONSHIP TO PERSON IN PART I | 11C. DATE SIGNED |
|---|---|---|---|
| | [signature] | Funeral Director | 10/31/1994 |
| | 11D. AGE   Legal | 11E. ADDRESS (STREET, CITY, STATE, ZIP) 1925 Arizona Avenue, Santa Monica, CA 90404 | |

| STATE/LOCAL REGISTRAR USE ONLY | 12. SIGNATURE OF STATE OR LOCAL REGISTRAR OFFICE OF THE STATE REGISTRAR OF VITAL STATISTICS | 13. DATE ACCEPTED FOR REGISTRATION JAN 2 7 1995 |
|---|---|---|
| | ► | |

STATE OF CALIFORNIA  DEPARTMENT OF HEALTH SERVICES  OFFICE OF STATE REGISTRAR

CALOSANGD2

This is to certify that this document is a true copy of the official record filed with the Registrar-Recorder/County Clerk.

*Dean C. Logan*

**DEAN C. LOGAN**
Registrar-Recorder/County Clerk

This copy is not valid unless prepared on an engraved border displaying the seal and signature of the Registrar-Recorder/County Clerk.

JUN 2 3 2018




1000001171961



**ANY ALTERATION OR ERASURE VOIDS THIS CERTIFICATE**

ORIGINAL

DE-172

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | TELEPHONE AND FAX NOS.: | FOR COURT USE ONLY |
|---|---|---|
| PETER CSATO (SBN 89272)<br>ERNESTO F. ALDOVER (SBN 157625)<br>FRANDZEL ROBINS BLOOM & CSATO, L.C.<br>6500 Wilshire Blvd, 17th Floor<br>Los Angeles, CA 90048<br>ATTORNEY FOR (Name): | (323) 852-1000<br>(323) 651-2577 | **FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>MAR 5 - 2002<br><br>JOHN A. CLARKE, CLERK<br><br>BY E. ALVAREZ, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF | |
|---|---|
| STREET ADDRESS: | 111 N. Hill Street |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | Los Angeles, CA 90012 |
| BRANCH NAME: | Central |

ESTATE OF (Name):

IRENE K. BANERJEE

DECEDENT

| **CREDITOR'S CLAIM** | CASE NUMBER:<br>BP 068900 |
|---|---|

You must file this claim with the court clerk at the court address above before the LATER of (a) four months after the date letters (authority to act for the estate) were first issued to the personal representative, or (b) sixty days after the date the *Notice of Administration* was given to the creditor, if notice was given as provided in Probate Code section 9051. You must also mail or deliver a copy of this claim to the personal representative and his or her attorney. A proof of service is on the reverse.
**WARNING:** Your claim will in most instances be invalid if you do not properly complete this form, file it on time with the court, and mail or deliver a copy to the personal representative and his or her attorney.

1. Total amount of the claim: $ 6,734,000.00
2. Claimant (name): STEVEN WHITE
   a. [XXX] an individual
   b. [ ] an individual or entity doing business under the fictitious name of (specify):
   c. [ ] a partnership. The person signing has authority to sign on behalf of the partnership.
   d. [ ] a corporation. The person signing has authority to sign on behalf of the corporation.
   e. [ ] other (specify):
3. Address of claimant (specify):

4. Claimant is [XXX] the creditor [ ] a person acting on behalf of creditor (state reason):

   Claimant obtained a judgment against Irene K. Banerjee.

5. [ ] Claimant is [ ] the personal representative [ ] the attorney for the personal representative.
6. I am authorized to make this claim which is just and due or may become due. All payments on or offsets to the claim have been credited. Facts supporting the claim are [ ] on reverse [XXX] attached.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: March 1, 2002

Ernesto F. Aldover, Atty. for STEVEN WHITE
(TYPE OR PRINT NAME AND TITLE)

(SIGNATURE OF CLAIMANT)

**INSTRUCTIONS TO CLAIMANT**

A. On the reverse, itemize the claim and show the date the service was rendered or the debt incurred. Describe the item or service in detail, and indicate the amount claimed for each item. Do not include debts incurred after the date of death, except funeral claims.
B. If the claim is not due or contingent, or the amount is not yet ascertainable, state the facts supporting the claim.
C. If the claim is secured by a note or other written instrument, the original or a copy must be attached (state why original is unavailable.) If secured by mortgage, deed of trust, or other lien on property that is of record, it is sufficient to describe the security and refer to the date or volume and page, and county where recorded. (See Prob. Code, § 9152.)
D. Mail or take this original claim to the court clerk's office for filing. If mailed, use certified mail, with return receipt requested.
E. Mail or deliver a copy to the personal representative and his or her attorney. Complete the Proof of Mailing or Personal Delivery on the reverse.
F. The personal representative or his or her attorney will notify you when your claim is allowed or rejected.
G. Claims against the estate by the personal representative and the attorney for the personal representative must be filed within the claim period allowed in Probate Code section 9100. See the notice box above.

(Continued on reverse)

| Form Approved by the<br>Judicial Council of California<br>DE-172 [Rev. January 1, 1998]<br>Mandatory Form [1/1/2000] | **CREDITOR'S CLAIM**<br>(Probate) | WEST GROUP<br>Official Publisher | Probate Code, §§ 9000 et seq., 9153 |

## **ATTACHMENT**

On April 30, 1997, the Judgment Creditor obtained a judgment against Irene K. Banerjee that three assets of "Somen" had been fraudulently transferred to Ms. Banerjee. A copy of the Judgment is attached. The three assets were: (1) Easebe Enterprises, Inc.; (2) 151 Napoleon Street, Playa del Rey; and (3) 301 Redland Street.

An amended judgment entered June 9, 1997 allowed Judgment Creditor to execute the money judgment on the assets transferred by and between Somen Banerjee and Irene Banerjee, or on the proceeds thereof.

Ms. Banerjee sold 301 Redland Street prior to the entry of judgment and the proceeds thereof have yet to be located.

Ms. Banerjee also sold assets of Easbe Enterprises, Inc. in return for a cash payment and a promissory note for the remaining amounts. The cash payment has never been located. However, the payments on the promissory note are the subject of a lawsuit entitled Banerjee v. CLP Tours, Inc., Los Angeles County Superior Court case number BC 219930, which we understand will be settled shortly. Judgment Creditor is entitled, by virtue of the attached amended judgment, to execute the judgment on the proceeds of the lawsuit as it is an asset of the fraudulently transferred Easbe Enterprises, Inc. asset.

280526.1

Judgment Creditor may execute the judgment on the 151 Napoleon Street, Playa del Rey,

California real property by virtue of the attached Amended Judgment.



280526.1

05/15/97   IRL 18:00 FAX 213 883 1225        LAMB & BATTE        @003

ENTERED
CLERK, U.S. DISTRICT COURT

APR 3 0 1997

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

FILED

APR 2 8 1997

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| READ SCHROTEL, an individual, STEPHEN WHITE, an individual, and ADONIS MANAGEMENT COMPANY, a California general partnership, | CASE NO. CV 94-4729 WJR (RNBx) Consolidated w/ CV 94-7587 WJR |
| Plaintiffs, | |
| vs. | |
| SOMEN "STEVE" BANERJEE, an individual; EASEBE ENTERPRISES, INC., a California corporation; CHIPPENDALES, INC., a California corporation; 929 CLUB CORPORATION, a California corporation; AUGUSTINE RALPH ANGEL COLON, an individual; and WILLIAM NELSON BARNES, JR., an individual; IRENE K. BANERJEE, an individual, NACE COHEN, an individual; MARK PAKIN, an individual; CLP TOUR LTD., a California Limited Partnership; and CHIP LP, INC., a California corporation, | JUDGMENT |
| Defendants. | |

CONSOLIDATED WITH

1

05/13/97 THU 18:01 FAX 213 683 1225   LAMB & BAITE                                    ☑004

UNICORN TALES, INC., a               )
corporation of the State of          )
New York and CHIPPENDALES            )
UNIVERSAL, INC., a                   )
corporation of the State of          )
New York, VALENTINE DENOIA,          )
Administrator of the Estate          )
of Nicholas DeNoia, Deceased,)       )
                                     )
            Plaintiffs,              )
                                     )
vs.                                  )
                                     )
IRENE BANERJEE, EASEBE               )
ENTERPRISES, INC., a                 )
corporation of the State of          )
California, and 929 CLUB             )
CORP., a corporation of the          )
State of California;                 )
NACE COHEN, an individual;           )
MARK PAKIN, an individual;           )
CLP TOUR LTD., a California           )
Limited Partnership; and             )
CHIP LP, INC., a California          )
corporation,                         )
            Defendants.              )
                                     )

2

05/15/97  THU 18:01 FAX 213 683 1225      LAMB & BAUTE                                    ☐005

1          This consolidated action came on for trial before the

2     Court and a jury, The Honorable William J. Rea, United States

3     District Judge, presiding, between the dates of January 23,

4     1997 and February 21, 1997, inclusive, in the presence of

5     Lamb & Baute, attorneys for plaintiffs Read Schrotel, Stephen

6     White and Adonis Management Company (Mark D. Baute, Esq. and

7     David P. Crochetiere, Esq. appearing); Margulies, Wind,

8     Herrington & Knopf, attorneys for plaintiffs Unicorn Tales,

9     Inc., Chippendales Universal, Inc. and Valentine DeNoia

10    (Robert E. Margulies, Esq. and Frank E. Catalina, Esq.

11    appearing); Howrey & Simon, attorneys for defendants, Nace

12    Cohen, Mark Pakin, CLP Tour, LTD. and CHIP LP, Inc. (Thomas

13    J. Nolan, Esq., George W. Buehler, Esq. and John Schuster,

14    Esq. appearing); Junius T. Podrug, Esq., attorney for

15    defendant Irene Banerjee; and Stephen Jones, Esq., attorney

16    for defendants Somen "Steve" Banerjee, Easebe Enterprises,

17    Inc., Chippendales, Inc. and 929 Club Corporation;

18         IT IS HEREBY ORDERED AND  ADJUDGED that judgment be

19    and hereby is entered in favor of plaintiff Read Schrotel and

20    against defendants Estate of Somen Banerjee, Easebe

21    Enterprises, Inc., Chippendales Inc., 929 Club Corporation,

22    Ralph Colon and William Barnes jointly and severally in the

23    amount of $2,311,000 along with interest and costs; and it is

24         FURTHER ORDERED that judgment be and hereby is entered

25    in favor of plaintiff Stephen White and against defendants

26    Estate of Somen Banerjee, Easebe Enterprises, Inc.,

27    Chippendales, Inc., 929 Club Corporation, Ralph Colon and

28    William Barnes jointly and severally in the amount of

3

05/15/97   THU 18:01 FAX 213 383 1223        LAMB & BARTE                                    ⓩ006

$2,234,000 along with interest and costs; and it is

FURTHER ORDERED that judgment be and hereby is entered
in favor of plaintiff Adonis Management Company and against
defendants Estate of Somen Banerjee, Easebe Enterprises,
Inc., Chippendales, Inc., 929 Club Corporation, Ralph Colon
and William Barnes jointly and severally in the amount of
$836,000 along with interest and costs; and it is

FURTHER ORDERED that judgments for punitive damages be
and hereby are entered in favor of plaintiff Stephen White
against defendant Estate of Somen Banerjee in the amount of
$2,500,000, against defendant Easebe Enterprises, Inc. in the
amount of $2,000,000, against defendant Chippendales, Inc.,
in the amount of $2,000,000, against defendant 929 Club
Corporation in the amount of $2,000,000, against defendant
Ralph Colon in the amount of $500,000 and against defendant
WILLIAM Barnes in the amount of $500,000; and it is

FURTHER ORDERED that judgments for punitive damages be
and hereby are entered in favor of plaintiff Read Schrotel
against defendant Estate of Somen Banerjee in the amount of
$2,500,000, against defendant Easebe Enterprises, Inc., in
the amount of $2,000,000, against defendant Chippendales,
Inc., in the amount of $2,000,000, against defendant 929 Club
Corporation in the amount of $2,000,000, against defendant
Ralph Colon in the amount of $500,000, and against William
Barnes in the amount of $500,000; and it is

FURTHER ORDERED that judgments for punitive damages be
and hereby are entered in favor of plaintiff Adonis

4

05/15/97  THU 16:01 FAX 213 683 1225     LAMB & BAUTE                    ☒007

1     Management Company, Inc., against defendant Estate of Somen
2 Banerjee in the amount of $4,500,000, against defendant Easebe
3 Enterprises, Inc., in the amount of $2,000,000, against defendant
4 Chippendales, Inc., in the amount of $2,000,000, against defendant
5 929 Club Corporation in the amount of $2,000,000, against defendant
6 Ralph Colon in the amount of $500,000, and against defendant
7 William Barnes in the amount of $500,000; and it is

8       FURTHER ORDERED, AND ADJUDGED that the 1994 asset transfers by
9 and between defendant Somen Banerjee and defendant Irene Banerjee
10 were intended by defendant Somen Banerjee and defendant Irene
11 Banerjee to hinder, delay or defraud creditors; and it is

12       FURTHER ORDERED that the jury found the value of Easebe
13 Enterprises, Inc. was $8,000,000, the value of 151 Napoleon Street
14 was $750,000, and the value of 301 Redlands Street was $302,000;
15 and it is

16       FURTHER ORDERED, ADJUDGED AND DECREED that the jury found that
17 the October-November 1994 transfer of assets by and between
18 defendants Irene Banerjee and Easebe Enterprises, Inc., on the one
19 hand, and defendants Nace Cohen, CLP Tour, Ltd., and CHIP LP, Inc.,
20 on the other hand, was not intended by each of those parties to
21 hinder, delay, or defraud creditors; and it is

22       FURTHER ORDERED that all claims herein against CLP Tour Ltd.,
23 CHIP LP, Inc., Nace Cohen, and Mark Pakin be and hereby are
24 dismissed on the merits, and that plaintiffs, and each of them,
25 take nothing from defendants CLP Tour, Ltd., CHIP LP, Inc., Nace
26 Cohen, and Mark Pakin; and it is

27 / / /

28

05/15/97  THU 18:02 FAX 213 863 1225    LAMB & BATTE                          ☐009

1    FURTHER ORDERED that defendants CLP Tour, Ltd., CHIP LP, Inc.,

2  Nace Cohen, and Mark Pakin recover of plaintiffs Read Schrotel,

3  Stephen White, Adonis Management Company, Unicorn Tales, Inc.,

4  Chippendales Universal, Inc., and Valentine DeNoia their costs of

5  action, in the amount to be determined pursuant to the procedures

6  set forth in Rule 54(d).

7       IT IS SO ORDERED this ___25ᵗʰ of April, 1997.

8

9

10

                                    WILLIAM J. REA
11                                  United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                  6





UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| READ SCHROTEL, an individual, ) | CV No. 94-4729-WJR(RNBx) |
| STEPHEN WHITE, an individual, ) | Consolidated with |
| and ADONIS MANAGEMENT COMPANY, ) | CV No. 94-7587-WJR |
| a California general partner- ) | |
| ship, ) | |
| ) | |
|          Plaintiffs, ) | AMENDED JUDGMENT |
| ) | |
|          v. ) | |
| ) | |
| SOMEN "STEVE" BANERJEE, an ) | |
| individual; EASEBE ENTER- ) | |
| PRISES, INC., a California ) | |
| corporation; CHIPPENDALES, ) | |
| INC., a California ) | |
| corporation; 929 CLUB ) | |
| CORPORATION, a California ) | |
| corporation; AUGUSTINE RALPH ) | |
| ANGEL COLON, an individual; ) | |
| and WILLIAM NELSON BARNES, ) | |
| JR., an individual; IRENE K. ) | |
| BANERJEE, an individual, ) | |
| NACE COHEN, an individual, ) | |
| MARK PAKIN, an individual, ) | |
| CLP TOUR LTD., a California ) | |
| Limited Partnership; and ) | |
| CHIP LP, INC., a California ) | |
| corporation, ) | |
| ) | |
|          Defendants. ) | |
| _____) | |
| CONSOLIDATED WITH ) | |
| ) | |

1

UNICORN TALES, INC., a )
corporation of the State of )
New York; and CHIPPENDALES )
UNIVERSAL, INC., a )
corporation of the State of )
New York; VALENTINE DENOIA, )
Administrator of the Estate )
of Nicholas DeNoia, Deceased, )
)
         Plaintiffs, )
)
        v. )
)
IRENE BANERJEE, EASEBE )
ENTERPRISES, INC., a )
corporation of the State of )
California; and 929 CLUB )
CORP., a corporation of the )
State of California; )
NACE COHEN, an individual; )
MARK PAKIN, an individual; )
CLP TOUR LTD., a California )
Limited Partnership; and )
CHIP LP, INC., a California )
corporation, )
)
        Defendants. )
)
_____)

    This consolidated action came on for trial before the Court
and a jury, the Honorable William J. Rea, United States District
Judge, presiding, between the dates of January 23, 1997, and
February 21, 1997, inclusive, in the presence of Lamb & Baute,
attorneys for plaintiffs Read Schrotel, Stephen White, and Adonis
Management Company (Mark D. Baute, Esq., and David P. Crochetiere,
Esq., appearing); Margulies, Wind, Herrington & Knopf, attorneys
for plaintiffs Unicorn Tales, Inc., Chippendales Universal, Inc.,
and Valentine DeNoia (Robert E. Margulies, Esq., and Frank E.
Catalina, Esq., appearing); Howrey & Simon, attorneys for

2

09/10/97  TUE 15:57 FAX 213 663 1225        LAMB & BAUTE                                      ⓺009

1  defendants, Nace Cohen, Mark Pakin, CLP Tour, Ltd., and CHIP LP,

2  Inc. (Thomas J. Nolan, Esq., George W. Buehler, Esq., and John

3  Schuster, Esq., appearing); Junius T. Podrug, Esq., attorney for

4  defendant Irene Banerjee; and Stephen Jones, Esq., attorney for

5  defendants Somen "Steve" Banerjee, Easebe Enterprises, Inc.,

6  Chippendales, Inc., and 929 Club Corporation.

7         IT IS HEREBY ORDERED AND ADJUDGED that judgment be and hereby

8  is entered in favor of plaintiff Read Schrotel and against

9  defendants Estate of Somen Banerjee, Easebe Enterprises, Inc.,

10  Chippendales Inc., 929 Club Corporation, Ralph Colon and William

11  Barnes, jointly and severally, in the amount of $2,311,000, along

12  with interest and costs; and it is

13         FURTHER ORDERED that judgment be and hereby is entered in

14  favor of plaintiff Stephen White and against defendants Estate of

15  Somen Banerjee, Easebe Enterprises, Inc., Chippendales, Inc., 929

16  Club Corporation, Ralph Colon and William Barnes, jointly and

17  severally, in the amount of $2,234,000, along with interest and

18  costs; and it is

19         FURTHER ORDERED that judgment be and hereby is entered in

20  favor of plaintiff Adonis Management Company and against defendants

21  Estate of Somen Banerjee, Easebe Enterprises, Inc., Chippendales,

22  Inc., 929 Club Corporation, Ralph Colon and William Barnes, jointly

23  and severally, in the amount of $836,000, along with interest and

24  costs; and it is

25         FURTHER ORDERED that judgments for punitive damages be and

26  hereby are entered in favor of plaintiff Stephen White and against

27  defendant Estate of Somen Banerjee, in the amount of $2,500,000;

28

                                    3

1 against defendant Easebe Enterprises, Inc., in the amount of
2 $2,000,000; against defendant Chippendales, Inc., in the amount of
3 $2,000,000; against defendant 929 Club Corporation in the amount of
4 $2,000,000; against defendant Ralph Colon in the amount of
5 $500,000; and against defendant William Barnes in the amount of
6 $500,000; and it is

7 FURTHER ORDERED that judgments for punitive damages be and
8 hereby are entered in favor of plaintiff Read Schrotel and against
9 defendant Estate of Somen Banerjee in the amount of $2,500,00;
10 against defendant Easebe Enterprises, Inc., in the amount of
11 $2,000,000; against defendant Chippendales, Inc., in the amount of
12 $2,000,000; against defendant 929 Club Corporation in the amount of
13 $2,000,000; against defendant Ralph Colon in the amount of
14 $500,000; and against William Barnes in the amount of $500,000; and
15 it is

16 FURTHER ORDERED that judgments for punitive damages be and
17 hereby are entered in favor of plaintiff Adonis Management Company,
18 Inc., against defendant Estate of Somen Banerjee in the amount of
19 $4,500,000, against defendant Easebe Enterprises, Inc., in the
20 amount of $2,000,000, against defendant Chippendales, Inc., in the
21 amount of $2,000,000, against defendant 929 Club Corporation in the
22 amount of $2,000,000, against defendant Ralph Colon in the amount
23 of $500,000, and against defendant William Barnes in the amount of
24 $500,000; and it is

25 FURTHER ORDERED, AND ADJUDGED that the 1994 asset transfers by
26 and between defendant Somen Banerjee and defendant Irene Banerjee
27 were intended by defendant Somen Banerjee and defendant Irene
28

4

08/10/97  TUE 15:57 FAX 213 683 1225     LAMB & BAUTE                                    ☰011

1  Banerjee to hinder, delay or defraud creditors; and it is

2      FURTHER ORDERED that the jury found the value of Easebe

3  Enterprises, Inc. was $8,000,000, the value of 151 Napoleon Street

4  was $750,000, and the value of 301 Redlands Street was $302,000;

5  and it is

6      FURTHER ORDERED AND ADJUDGED that pursuant to Section

7  3439.07(c) of the California Civil Code, plaintiffs Stephen White,

8  Read Schrotel, and Adonis Management Company, Inc. may execute

9  their judgments on the assets transferred by and between Soman

10  Banerjee and Irene Banerjee, or on the proceeds thereof; and it is

11      FURTHER ORDERED, ADJUDGED AND DECREED that the jury found that

12  the October-November 1994 transfer of assets by and between

13  defendants Irene Banerjee and Easebe Enterprises, Inc., on the one

14  hand, and defendants Nace Cohen, CLP Tour, Ltd., and CHIP LP, Inc.,

15  on the other hand, was not intended by each of those parties to

16  hinder, delay, or defraud creditors; and it is

17      FURTHER ORDERED that all claims herein against CLP Tour Ltd.,

18  CHIP LP, Inc., Nace Cohen, and Mark Pakin be and hereby are

19  dismissed on the merits, and that plaintiffs, and each of them,

20  take nothing from defendants CLP Tour, Ltd., CHIP LP, Inc., Nace

21  Cohen, and Mark Pakin; and it is

22      FURTHER ORDERED that defendants CLP Tour, Ltd., CHIP LP, Inc.,

23  Nace Cohen, and Mark Pakin recover of plaintiffs Read Schrotel,

24  Stephen White, Adonis Management Company, Unicorn Tales, Inc.,

25  Chippendales Universal, Inc., and Valentine DeNoia their costs of

26  / / / /

27  / / / /

28

06/10/97   TUE 15:57 FAX 213 683 1225      LAMB & BAUTE                              ⊿012

1  action, in the amount to be determined pursuant to the procedures

2  set forth in Rule 54(d).

3      IT IS SO ORDERED this __5th__ of June, 1997.

4

5

6                              WILLIAM J. REA
                               United States District Judge
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26
27

28                              6

1      **PROOF OF SERVICE**

2

3          I, the undersigned, declare and certify as follows:

4          I am over the age of 18 years and employed in the County of Los
       Angeles, State of California.  I am employed in the office of
5      FRANDZEL ROBINS BLOOM & CSATO, L.C., members of the Bar of the
       above-entitled Court, and I made the service referred to below at
6      their direction.  My business address is 6500 Wilshire Boulevard,
       17th Floor, Los Angeles, California  90048-4920.

7

8          On *March 5, 2002*, I served a true copy(ies) of the *CREDITOR'S
       CLAIM*, the original(s) of which is affixed hereto, to the party(ies)
9      hereinafter mentioned:

10

       **[BY MAIL]** by depositing the same for collection and mailing at Los
11     Angeles, California, on the date herein above set forth in this
       Certificate, in a sealed envelope(s) with the postage thereon fully
12     prepaid, addressed as follows:

13     Michael J. Berger, Esq.
       16133 Ventura Boulevard
14     Suite 675
       Encino, California 91436
15     Tel: (818) 905-1550

16         I have prepared the facsimile copy(ies) and/or the envelope(s)
       containing the copy(ies) to be served in accordance with the manner
17     described above by placing the document(s) in Frandzel Robins Bloom
       & Csato, L.C.'s in-house delivery system for service in accordance
18     with Frandzel Robins Bloom & Csato, L.C.'s ordinary business
       practices.  I certify that I am fully familiar with the regular
19     business practices of the law firm of Frandzel Robins Bloom & Csato,
       L.C. and I know the firm's procedures to be safe and reliable for
20     delivery of said documents as described above.

21

           I certify under penalty of perjury, under the laws of the State
22     of California and the United States of America, that the foregoing
       is true and correct.

23

24         Executed on *March 5, 2002*, at Los Angeles, California.

25

26         Vicki Towles

27                                              Signature

28

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
## Probate Division
### Stanley Mosk Dept. - 67

**17STPB02593**
**In re: Banerjee, Somen - Decedent**

**October 15, 2018**
**8:30 AM**

Honorable Daniel Juarez, Judge

Corrina Ornelas, Judicial Assistant
Samantha Spawton, Court Services
Assistant

Elsa Hurtado (#14206), Court Reporter
Joe Miranda, Deputy Sheriff

**NATURE OF PROCEEDINGS:** Petition - Letters of Administration (Initial) filed on March 24, 2017 by Jesse Banerjee.

The following parties are present for the aforementioned proceeding:

Zacharias Tripodes, Attorney

The matter is called for hearing.

The Petition - Letters of Administration (Initial) filed on 3/24/2017 by Jesse Banerjee is granted. Jesse Banerjee is/are appointed Personal Representative(s) of the Estate with full IAEA. Bond is ordered in the amount of $150,000.00.

The Personal Representative is ordered to file with this Court a Status Report or a Petition for Final Distribution no later than Tuesday, September 03, 2019. The Court sets an Order to Show Cause Hearing Re: Status Report or Petition for Final Distribution on Monday, October 07, 2019 at 8:30 AM in this department.

Attorney Zacharias Tripodes is to give notice and prepare the Order for Probate and upon the signing of said order, Letters shall issue forthwith.

**DE-150**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):* | TELEPHONE AND FAX NOS. | FOR COURT USE ONLY |
|---|---|---|

—C. Susan Keen (SBN #194587)
1515 7th Street, #111
Santa Monica, CA 90401

TELEPHONE AND FAX NOS.
(310) 695-8585

ATTORNEY FOR *(Name):* Jesse Banerjee, Petitioner

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** LOS ANGELES
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central–Stanley Mosk

FOR COURT USE ONLY

**FILED**
Superior Court of California
County of Los Angeles

SEP 2 1 2020

Sherri R. Carter, Executive Officer/Clerk
By _____ , **Deputy**
Tonya Quinn

**ESTATE OF** *(Name):*

Somen Banerjee

DECEDENT

| **LETTERS** | | CASE NUMBER: |
|---|---|---|
| ☐ TESTAMENTARY | ☒ OF ADMINISTRATION | 17STPB02593 |
| ☐ OF ADMINISTRATION WITH WILL ANNEXED | ☐ SPECIAL ADMINISTRATION | |

**LETTERS**

1. ☐ The last will of the decedent named above having been proved, the court appoints *(name):*

   a. ☐ executor
   b. ☐ administrator with will annexed.

2. ☒ The court appoints *(name):*
   Jesse Banerjee
   a. ☒ administrator of the decedent's estate
   b. ☐ special administrator of decedent's estate
      (1) ☐ with the special powers specified in the *Order for Probate.*
      (2) ☐ with the powers of a general administrator
      (3) ☐ letters will expire on *(date):*

3. ☒ The personal representative is authorized to administer the estate under the Independent Administration of Estates Act ☒ **with full authority**
   ☐ **with limited authority** (no authority, without court supervision, to (1) sell or exchange real property or (2) grant an option to purchase real property or (3) borrow money with the loan secured by an encumbrance upon real property)

4. ☐ The personal representative is not authorized to take possession of money or any other property without a specific court order.

WITNESS, clerk of the court, with seal of the court affixed.

**AFFIRMATION**

1. ☐ PUBLIC ADMINISTRATOR: No affirmation required (Prob. Code, § 7621(c)).

2. ☒ INDIVIDUAL: I **solemnly affirm** that I will perform the duties of personal representative according to law.

3. ☐ INSTITUTIONAL FIDUCIARY *(name):*

   I **solemnly affirm** that the institution will perform the duties of personal representative according to law. I make this affirmation for myself as an individual and on behalf of the institution as an officer.
   *(Name and title):*

4. Executed on *(date):* 9-21-2020
   at *(place):* LA , California.

▶ _____
— SIGNATURE —

**CERTIFICATION**

I certify that this document is a correct copy of the original on file in my office and the letters issued the personal representative appointed above have not been revoked, annulled, or set aside, and are still in full force and effect.

| (SEAL) | Date SEP 2 1 2020 |
|---|---|
| | Clerk, by SHERRI R. CARTER |
| | _____ DEPUTY |
| | Tonya Quinn |

| (SEAL) | Date SEP 2 1 2020 |
|---|---|
| | Clerk, by SHERRI R. CARTER |
| | _____ DEPUTY |
| | Tonya Quinn |

**LETTERS**
**(Probate)**

Probate Code §§ 1001, 8403,
8405, 8544, 8545
Code of Civil Procedure, § 2015.6

*LexisNexis® Automated California Judicial Council Forms*

1  Jesse Banerjee
2  3573 3rd Street suite#206
3  Los Angeles, CA 90020
   3109238788
4
   Email:infor@stevebanerjee.com
5  Pro se,
6
7              **UNITED STATES DISTRICT COURT**
8              **CENTRAL DISTRICT OF CARLIFORNIA**

9  **CHIPPENDALES USA LLC,**                    **Case No.: CV 23-3672 PA (PDx)**

10                                *Plaintiff,*  **DECLARATION OF JESSE BANERJEE**
11                  **vs.**                      **IN SUPPORT OF REQUEST FOR**
12  **JESUS JESSE BANERJEE,**                    **REMOVAL OF CRAIG L. CHISVIN AS**
                                                 **COUNSEL OF RECORD**
13
14                                *Defendant*

15
16  I, Jesse Banerjee, hereby declare and state as follows:

17  1. I am the defendant in this matter currently before this honorable court, and I hereby
18     submit this declaration in support of my request the removal of Mr. Craig L. Chisvin as
19     my counsel of record.

20  2. I initially retained Attorney Craig L. Chisvin, Esq., SBN 191825, of CLC LAW GROUP,
21     APC, located at 11400 W. Olympic Blvd., Suite 1400, Los Angeles, CA 90064, with the
       expectation of receiving competent legal representation in the proceedings related to my
22     case. However, it has become evident over the course of our professional relationship that
23     there has been a substantial breakdown in communication and trust, necessitating this
24     request for his removal.

25  3. Despite my persistent efforts to communicate with Mr. Chisvin and provide instructions
26     regarding the specifics of my case, there has been a consistent failure on his part to
27     engage in meaningful dialogue. Vital messages and inquiries have frequently gone

unanswered, leaving me uninformed about critical developments and impeding my ability to actively participate in my defense.

4. Mr. Chisvin's failure to promptly respond to my inquiries and provide updates on the progress of my case has resulted in unnecessary anxiety and uncertainty. I have repeatedly sought clarification on various legal matters and procedural issues, only to be met with silence or delayed responses, further exacerbating the breakdown in communication.

5. In addition to the communication deficiencies, Mr. Chisvin has failed to provide the level of representation expected of him. He neglected to gather and present essential evidence that could have significantly influenced the outcome of my case. Furthermore, he omitted important facts within the pleadings, depriving the court of crucial information necessary for a thorough understanding of the matter at hand and annexed herewith are copies of emails sent from myself to Mr. Chisvin indicating the need to add more information and or begging him to take the necessary steps to address deficiencies or file as the case may be.The said Emails are marked **EXHIBIT A**

6. For example, in a significant oversight, he erroneously identified himself as "Attorneys for Plaintiff: Jesus 'Jesse' Banerjee," in his reply to the Objection against my motion to set aside the Default judgement entered against me despite my role as the defendant in this case. This misrepresentation underscores a deeper disconnect between Attorney Chisvin's understanding of the case and the reality of my position within it. Such oversight not only raises concerns regarding his grasp of the fundamental aspects of the case but also undermines the trust and confidence essential for effective legal representation.

7. Mr. Chisvin's lack of diligence and failure to advocate effectively on my behalf have compromised my defense and eroded my confidence in his ability to represent my interests competently. Despite my repeated attempts to provide relevant information and input, he has demonstrated a disinterest in incorporating my perspectives into the legal strategy.

8. Mr. Chisvin's performance has fallen below the standard of effective assistance mandated by law. His failure to adequately prepare for proceedings, provide timely updates, and

1     communicate openly and transparently with me as his client has hindered my ability to

2     make informed decisions about my case and actively participate in my defense.

3    9. In light of the aforementioned concerns regarding Mr. Chisvin's performance and the

4     breakdown in the attorney-client relationship, I respectfully request the removal of Mr

5     Craig L. Chisvin as my counsel of record in this case. I believe that such action is

6     necessary to uphold my right to effective assistance of counsel and to ensure fairness and

      justice in these proceedings.

7

8    10. I understand the implications of this request, including the need to secure alternative legal

      representation. Nonetheless, I am prepared to undertake the necessary steps to protect my

9     rights and pursue a favorable resolution in this matter, including retaining new counsel

10    who can provide the competent and diligent representation I deserve.

11    11. I declare under penalty of perjury under the laws of the United States that the foregoing is

12     true and correct.

13

14

15

16   Declared on this 15TH day of May 2024

17   BY: _____

18     Jesse Banerjee

19   3573 3rd Street suite#206

20   Los Angeles, CA 90020

21   3109238788

22   Email:infor@stevebanerjee.com

23

24

25

26

27

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT A

---------- Forwarded message ---------

From: **jesse banerjee** <bowtielegacyllc@gmail.com>

Date: Fri, Mar 1, 2024 at 10:53 PM

Subject: Urgent: Meet and Confer on Motion to Set Aside Default Judgment and Compensation Pledge

To: Craig Chisvin <craig@clclawgroup.com>, Jeremy Dix <jeremy@clclawgroup.com>

Dear Craig,

I trust this email finds you well. I wanted to touch base regarding the motion to set aside the default judgment in Case Ending 72. It has come to our attention that a deficiency exists, and in light of this, it is imperative that we address the matter promptly.

I understand that the meet and confer process, as stipulated in Rule 7-3, is underway or scheduled. However, I'd like to emphasize the urgency of not only resolving the deficiency but also the need to address any aspects that should have ideally been considered during the initial drafting of the motion.

I believe it is fair to acknowledge that the meet and confer process should have ideally coincided with the motion drafting and be done before the filling of the motion , and now that we have identified the deficiency, your attention to this is crucial. It's almost 3 months and we are still at this and i think this situation is not ideal.Im already dealing with a lot trying to get the funders, coordinating the case and you have promised time and again to deliver but i'm now apprehensive of my interest.

Could you kindly update me on the status of the meet and confer and any proposed timeline for resolution? Additionally, if there are specific elements or considerations that we need to highlight during this process, please share them with us.

Your dedication to resolving this matter is greatly appreciated, and I want to ensure you are duly compensated for your time and effort in navigating through this situation.

Thank you for your understanding and cooperation. I look forward to your timely response.

Best regards,

1 | ---------- Forwarded message ---------

2 | From: **jesse banerjee** <bowtielegacyllc@gmail.com>

3 | Date: Tue, Mar 5, 2024 at 8:54 PM

Subject: update on meet and confirm - pause funding

4 | To: Craig Chisvin <craig@clclawgroup.com>

5 |

6 | Hello Craig,

7 | I like to know when is a good time to set the meet and confer?

8 | We need to let them know that you are repesnting the Estate Administrator. We need to go over

9 | the plan, I need your plan of action.

10 | Let's go over your game plan, and come to an agreement to make the best out of it.

11 | Regarding Shawn we need to go over the plan of action, he is familiar with the case, this will

12 | make a lot difficult to trick him.

13 | Hope to hear from you soon.

14 | Kind regards

15 |
Jesss Banerjee

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

1    ---------- Forwarded message ---------

2    From: **jesse banerjee** <bowtielegacyllc@gmail.com>

3    Date: Wed, Dec 27, 2023 at 10:35 PM

     Subject: Motion to Set Aside Default Judgment - Case No.: CV 23-3672 PA (PDx)

4    To: Craig Chisvin <craig@clclawgroup.com>, Jeremy Dix <jeremy@clclawgroup.com>

5

6

7
     Dear Craig and Jeremy,
8

9    I hope this message finds you well. I'm writing in regard to the default judgment in the case of

10   Chippendales USA LLC v. Jesus Jesse Banerjee, et al. I've thoroughly reviewed the motion to set

     aside the default judgment that you prepared, and I'd like to discuss some crucial elements.
11

         1.  **Need for Exhibits**
12

13   While I appreciate the overall drafting of the motion, I'm concerned about the absence of

14   annexed exhibits to substantiate our claims. Considering the evidentiary requirement that

     demands substantiation of claims, I strongly advocate attaching exhibits where relevant.
15

16   I firmly believe that providing direct exhibits is crucial to validate key aspects of our defense,

     especially concerning my claim of trademark ownership. These exhibits will serve as concrete
17
     evidence, significantly fortifying our position and demonstrating the credibility and validity of
18   our assertions.

19
     I am more than willing to consider and promptly furnish any necessary information or
20   documentation required to bolster our case. Collaboratively, let's ensure that our motion is not

21   only well-argued but also substantiated with compelling exhibits to support our claims.

22
         2.  **Detailed Response Supported by Evidence**
23
     Additionally, I believe that in order to establish the presence of a meritorious defense raising
24   triable issues, it might be advantageous for us to prepare and draft a response to the complaint.

25   This response could accompany the motion as an exhibit and/or serve as a proposed response to

26   the complaint, significantly bolstering our position.

27

While acknowledging the strength of our motion's defense, I am convinced that a detailed response to the complaint, supported by explicit evidence, would substantially strengthen our rebuttal to the allegations presented. To effectively challenge the default judgment, a comprehensive evidential presentation, inclusive of a well-crafted response, is crucial.

I am fully committed to collaborating with you on preparing this response and ensuring it aligns seamlessly with our defense strategy, fortifying our stance with compelling evidence.

## 3. **The Pending Appeal**

Furthermore, I find it essential to address the issue of jurisdiction given the ongoing appeal. Rule 62.1 provides the court with the authority to issue an indicative ruling when it lacks the power to grant a motion due to an ongoing appeal (Fed. R. Civ. P. 62.1(a)(3)). Notably, the motion to set aside the default judgement fails to acknowledge the appeal previously filed.

It is well settled that the "filing of a notice of appeal divests the district court of jurisdiction." Gould v. Mutual Life Ins. Co., 790 F.2d 769, 772 (9th Cir. 1986). When a Rule 60(b) motion is filed in district court after a notice of appeal has been filed, the district court lacks jurisdiction to entertain the motion. Katzir Floor & Designs, Inc. v. M-MLS.com, 394 F.3d 1143, 1148 (9th Cir. 2004).

In seeking to vacate the default judgment and proceed with a trial on the merits, it's prudent to present an argument affirming the district court's reserved jurisdiction to issue an indicative ruling on this motion. By doing so, the Court of Appeals can be petitioned to remand this case back to the district court, thereby restoring its substantive jurisdiction over this motion. Under Federal Rule of Appellate Procedure 12.1, "[i]f a timely motion is made in the district court for relief that it lacks authority to grant because of an appeal that has been docketed and is pending . . . [and i]f the district court states that it would grant the motion or that the motion raises a substantial issue, the court of appeals may remand for further proceedings but retains jurisdiction..." Fed. R. App. P. 12.1. Thus, if the district court issues an indicative ruling – either that it would grant the motion or that there is a substantial issue – the appellate court then decides whether to remand the case for a ruling by the district court. *Reyes v. Martinez, No. 1:11-cv-00362-LJO-EPG-PC (E.D. Cal. [United States District Court for the Eastern District of California])*

Given that substantive jurisdiction was divested upon the filing of the appeal and the subsequent entry of the notice of appeal on the docket, clarifying the court's authority to make an indicative ruling becomes pivotal. This clarification will facilitate the Court of Appeals in remanding the case, granting the district court the necessary jurisdiction to consider and rule upon this motion to vacate the default judgment.

4. **Collaborative Effort**

I'm fully committed to actively collaborating with you to ensure our defense is robust and well-supported. Your guidance in reinforcing the motion with substantial evidence and articulating a compelling defense strategy is essential to our success.

In conclusion, I'm eager to diligently address the court's concerns and I'm ready to work closely with you to present a compelling defense supported by compelling exhibits.

Your attention to this matter is greatly appreciated. Please let me know if you require any further information or clarification.

Thank you for your time and assistance.

Best regards,

Jesse Banerjee

**jesse banerjee <bowtielegacyllc@gmail.com>**                    Fri, Jan 19,
5:20 AM

to Craig Chisvin

Dear Craig,

I hope this email finds you well. I am writing to express my concerns regarding the current status of our case. It has been almost two months since we initiated the process, and unfortunately, we are still yet to file despite having completed the motion.

Time is of the essence in our situation, and the prolonged silence is causing considerable anxiety. If there are identified deficiencies or issues that need addressing, it is imperative that we discuss them promptly to ensure a timely resolution. The approaching deadline is a serious matter, and I am sure you understand the potential consequences of any delays.

I kindly request that you provide me with a comprehensive update on the status of my case and any steps that need to be taken to move forward. Your prompt attention to this matter is greatly appreciated, as it directly impacts my ability to file within the required timeframe.

Thank you for your understanding and cooperation.

Best regards,

Jesse Banerjee