UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Chippendale USA LLC v. Jesus Jesse Banerjee | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Kamilla Sali-Suleyman | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS–COURT ORDER

Before the Court is a "Request" for Reconsideration filed by defendant Jesus Jesse Banerjee ("Defendant" or "Banerjee") on May 16, 2024.  (Docket No. 64.)  Although this "Request" was not properly filed as either an ex parte application or a noticed Motion, the Court will rule on Defendant's Request.

The procedural history and background of this action is familiar to the parties and the Court will not repeat it here.  Defendant asks that the Court reconsider its May 1, 2024 Order Denying Defendant's Motion to Set Aside the Default and Default Judgement.  (Docket No. 55.)

"[A] 'motion for reconsideration' is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within [the time period permitted by the Rule].  Otherwise, it is treated as a Rule 60(b) motion for relief from a judgment or order."  Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp., 248 F.3d 892, 898-99 (9th Cir. 2001) ((citation omitted)).  "Under Federal Rule of Civil Procedure 59(e), a party may move to have the court amend its judgment within twenty-eight days after entry of the judgment.  'Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion.'"  Allstate Ins. Co. v. Herron, 634 F.3d 1101, 1111 (9th Cir. 2011) (quoting McDowell v. Calderon, 197 F.3d 1253, 1255 n. 1 (9th Cir.1999) (en banc) (per curiam)).  "In general, there are four basic grounds upon which a Rule 59(e) motion may be granted: (1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law."  Id.  (citing McDowell, 197 F.3d at 1255 n.1).

Rule 60(b) allows the Court to relieve a party from a final judgment or order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Chippendale USA LLC v. Jesus Jesse Banerjee | | |

discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Whether brought pursuant to Federal Rule of Civil Procedure 59(e) or 60(b), reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." Kona Enters., Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotation marks omitted). Additionally, under Local Rule 7-18, a motion for reconsideration may only be brought if the moving party demonstrates:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

L.R. 7-18.

Defendant argues that the Court should reconsider its decision based on his difficulties in securing "effective legal representation" and that because of this allegedly deficient representation, he did not have an opportunity to "present his case fully and fairly." (Docket No. 64 at p. 4.) Relying on L.R. 7-18 (c) – which requires "a manifest showing of a failure to consider material facts presented to the Court before such decision" – Defendant requests that the Court excuse his failure to provide material "facts," consider additional evidence that his prior counsel failed to provide, and reconsider its decision.

The Court, however, concludes that Defendant has failed to meet his burden of demonstrating any of the above requirements for reconsideration. Moreover, assuming Defendant could meet this burden, after consideration of Defendant's Motion in its entirety, including all of the supporting documents and evidence he has submitted, The Court still concludes that Defendant's Motion for Reconsideration lacks merit. In denying Defendant's Motion to Set Aside the Default Judgment, the Court found that the record, including

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 23-3672 PA (PDx) | Date | May 22, 2024 |
|---|---|---|---|
| Title | Chippendale USA LLC v. Jesus Jesse Banerjee | | |

Defendant's own statements – documents that he signed and attempted to file with the Court – established that he had actual notice of this action, and that he intentionally failed to answer. The Court also found that Defendant failed to meet his burden of establishing that he had a meritorious defense, and that Plaintiff would be prejudiced if the default judgment was set aside. Even if the Court had considered the arguments and evidence now proffered by Defendant in addition to those advanced in the original motion, its decision to deny the Motion to Set Aside the Default Judgement based on those findings remains the same.  Simply stated, Defendant still fails to meet his burden of demonstrating that he is entitled to set aside the Default Judgment entered against him.

    For the foregoing reasons, and the reasons set forth in the Court's May 1, 2024 Order, the Court denies Defendant's Request for Reconsideration.  The Court will not consider any further Motions, Applications, or other requests in this closed case.

    IT IS SO ORDERED.